**A. G. CARTER, Jr., Appellant,**

v.

**James CARTER, Appellee.**

**No. 900.**

Court of Civil Appeals of Texas, Tyler.

March 25, 1976.

Rehearing Denied April 15, 1976.

Jesse M. DeWare, IV, Lawrence & Lawrence, Tyler, for appellant.

Kenneth L. Ross, Sharp, Ward & Ross, Longview, for appellee.

MOORE, Justice.

This is an appeal from a judgment based upon a compromise settlement agreement made between the parties.

Appellee, James Carter, instituted this suit against appellant, A. G. Carter, to set aside a deed to A. G. Carter executed to him by the mother of the parties. The case was called for trial on January 27, 1975. Thereupon the attorneys for both parties announced in open court that a compromise settlement agreement had been reached. The terms of the settlement agreement were dictated and recorded by the court reporter in open court. The attorneys announced that an agreed judgment would be prepared and submitted for the court's signature at a later date. Subsequently a dispute arose over the terms of the proposed judgment. On April 8, 1975, appellee, James Carter, filed a motion for judgment. In his motion for judgment appellee requested the court to enter judgment in accordance with the settlement agreement previously dictated to the court reporter. Attached to the motion was a copy of the settlement agreement as dictated, as well as a proposed judgment. In reply, appellant, A. G. Carter, alleged that the proposed judgment submitted by appellee did not accurately reflect the settlement agreement, but even if it did, he was repudiating the agreement. The trial court conducted a hearing on appellee's motion for judgment on May 5, 1975. At the hearing testimony was taken concerning the entry of judgment. In the course of his testimony appellant testified that he was not agreeable to the entry of the judgment because it did not represent the agreement reached by the parties. After the hearing the trial court granted appellee's motion and the proposed judgment was signed and entered of record in the cause.

On appeal appellant urges that the trial court erred in signing appellee's proposed

judgment because the undisputed evidence shows he did not consent to the judgment at the time of its rendition. Appellant's position basically is that the settlement agreement agreed to by the parties and dictated to the court reporter on January 27, 1975, cannot, under applicable Texas law, furnish the basis for the court's judgment because he withdrew his consent before the judgment was rendered. Therefore, he contends that since the trial court was appraised of his withdrawal of consent prior to the rendition of judgment, the court was without authority to render judgment. We agree with appellant's position and accordingly reverse and remand.

■ The law seems to be clear that a consent judgment cannot be rendered by a trial court when consent of one of the parties is lacking, even though consent may have theretofore been given by such dissenting party. The rule is that consent must exist at the very moment the trial court undertakes to make the agreement the judgment of the court. *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 291 (1951); *W. L. Moody Company, Bankers v. Yarbrough*, 510 S.W.2d 396, 399 (Tex.Civ. App.—Houston (1st Dist.) 1974, writ ref'd n. r. e.); *Farr v. McKinzie*, 477 S.W.2d 672, 676 (Tex.Civ.App.—Houston (14th Dist.) 1972, writ ref'd n. r. e.). Appellant, having made it known to the trial court that he was repudiating the settlement agreement and would not consent to a judgment based on the agreement, the action of the trial court in rendering judgment without his consent was unauthorized. *Burnaman v. Heaton*, supra.

■ Appellee undertakes to sustain the judgment on the ground that the settlement agreement was made in open court and entered of record in compliance with Rule 11, Texas Rules of Civil Procedure. Therefore he argues that the agreement became enforceable and could be made the basis of the court's judgment. This same argument was rejected by the Supreme Court in *Burnaman v. Heaton*, supra. Consequently, the judgment cannot be sustained on this theory.

■ Appellee also undertakes to sustain the judgment by arguing that his motion for judgment did not amount to a request for the entry of a consent judgment, but rather was a plea seeking enforcement of the settlement agreement and a rendition of judgment based upon that "contract." We do not agree with this proposition. The motion for judgment merely requested the court to render judgment in accordance with the settlement agreement. Whether the settlement agreement amounted to a valid enforceable contract was an issue not raised by the motion for judgment. The motion only requested the court to make the agreement of the parties the judgment of the court. In any event, the enforcement of the agreement as a contract would involve issues of fact which could only be determined by the court or jury in a trial on the merits.

Our reversal of the judgment is without prejudice to the right of appellee to plead the settlement agreement as a contract and seek enforcement thereof and the reversal is likewise without prejudice to appellant's right to attempt to avoid the agreement by pleading lack of mutuality of assent or other defensive matters. These are issues that can be settled only by the court or jury in a trial of the case.

The judgment is reversed and the·cause is remanded.