Frederick W. WIEGAND, Jr., Appellant,

v.

Patricia Ann WIEGAND, Appellee.

No. 16433.

Court of Civil Appeals of Texas, San Antonio.

Sept. 24, 1980.

Rehearing Denied Oct. 22, 1980.

Melvin E. Corley, Corley & Crider, Austin, for appellant.

Sam C. Bashara, San Antonio, for appellee.

MURRAY, Justice.

This is a divorce case. On July 18, 1979, the trial court entered an agreed judgment granting Patricia Ann Wiegand, appellee, a divorce. Frederick W. Wiegand, Jr., has perfected his appeal to this court.

On July 5, 1979, the Honorable Fred Shannon, Judge of the 131st District Court of Bexar County, Texas, held the appellant in contempt of court and ordered him confined in the Bexar County Jail for failure to deposit certain sums of money into the registry of the court and for failure to pay child support as required by temporary orders.

On July 17, 1979, this cause was set for trial on the merits before Judge Shannon and the parties appeared in person and by and through their respective counsel and announced to the court that a settlement had been reached by the parties. The appellant acknowledged that he had signed the property settlement agreement and fully understood the terms, but expressed some reluctance to the judge of his intention to carry out the agreement. Judge Shannon refused to enter the agreed judgment. The next day, July 18, 1979, appellant's counsel obtained a hearing on an application for writ of habeas corpus which was granted by the Honorable Peter Michael Curry, Judge of the 166th District Court of Bexar County, Texas. Appellant's counsel stated in open court that his client was in agreement with the decree of divorce and property settlement agreement and that he had appellant's complete authority to enter into an agreed judgment.

The judge contacted appellant over the telephone and obtained his unequivocal approval to the property settlement agreement and granted the divorce.

Appellant's motion for a new trial was heard by Judge Curry on August 30, 1979. Immediately prior to hearing, appellant's new attorney presented to the court a motion requesting that Jury Curry recuse himself. Judge Curry denied this motion and proceeded to hear evidence on the motion for new trial.

Under his first point of error, appellant contends that Judge Curry erred in not assigning another judge to hear the motion to recuse.

Section 6 of Article 200a provides in part: "A district judge shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court." Tex.Rev.Civ.Stat.Ann. art. 200a, § 6 (Vernon Supp. 1979 · 1980).

The Supreme Court of Texas in *McLeod v. Harris*, 582 S.W.2d 772 (Tex. 1979) held that by the expressed terms of Article 200a, section 6, a district judge has a mandatory duty to request the Presiding Judge of the Administrative District to assign another judge of the Administrative District to hear a party's motion to recuse.

Appellee argues that appellant, by not requesting that another judge be assigned to hear the motion, has waived his right to have appellate consideration of the district court's error. We agree.

The record in this case on the motion to recuse consists of the motion and the judge's notations thereon that the motion was denied. The Court in *McLeod* held that the motion to recuse does not in itself disqualify the local judge, and we must assume from the record that appellant voluntarily submitted the motion to Judge Curry and thereby waived the duty of Judge Curry to assign another judge to hear the motion. The case of *McLeod v. Harris*, relied on by appellant, is clearly distinguishable. In *McLeod*, the District Judge refused a request by appellant to

appoint a visiting judge to hear the motion to recuse. In the case at bar, no such request was made.

Under appellant's final two points of error he argues that he approved the property settlement agreement under duress. We disagree.

■ The law seems to be clear that a valid consent judgment cannot be rendered by a trial court when consent of one of the parties is lacking, and even though consent may have at one time been given by such dissenting party, consent must exist at the very moment the trial court undertakes to make the agreement the judgment of the court. *See Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951). In *Burnaman*, the Supreme Court stated:

> The same reasons which impel the setting aside of a consent judgment rendered by the court with knowledge that a party does not consent thereto will, in the interest of justice, also impel the setting aside of a consent judgment rendered when the court is in possession of information which is reasonably calculated to prompt the court to make further inquiry into the party's consent thereto, which inquiry, if reasonably pursued, would disclose the want of consent.

240 S.W.2d at 291.

■ At the hearing on the motion for new trial, the judge placed on the record his conversation with the appellant on the telephone as follows:

> Mr. Wiegand was on the other phone and I told him that I had this agreement and asked him if he understood it and if he was satisfied with it. And he said, 'Yes,' he was satisfied with it. I stated, 'Well, now, listen, if you are not satisfied with it you tell me,' and, 'this is the time you need to tell me.' And he said that he was satisfied with it.
>
> Now, in all honesty, he didn't appear to be jubilant, but he said he was satisfied. I don't think that he has ever been jubilant in connection with any of these proceedings. And I said, 'I'll explain it to you if you want me to.' And he said, 'No,

I understand exactly what the situation is.'

.     .     .     .     .

> If he was in no condition, he could have told me. I felt that he was in good condition.
>
> I have been on this bench almost sixteen years and I am not forcing anyone to sign or agree to anything if I felt that they were being put upon or cheated or taken advantage of. I would not have accepted the agreement, but he assured me that he was satisfied with it. And that was my understanding of it.

The judge approved the property settlement agreement after making a reasonable inquiry as to appellant's satisfaction with the agreed settlement. Appellant did not testify at the hearing on the motion for new trial and there is no evidence to contradict the judge's statement. The judgment of the trial court is affirmed.