**Gary K. HAHNE, Appellant,**

v.

**Sally H. HAHNE, Appellee.**

**No. C14–83–024CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 8, 1983.

Rehearing Denied Jan. 12, 1984.

Garland D. McInnis, Jr., Houston, for appellant.

Tom Fillion, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

This appeal contests the validity of an Agreed Decree of Divorce between Appellant and Appellee. Appellant alleges that he did not agree to assume a certain community debt. Because the record unequivocally and repeatedly reflects that Appellant did agree to pay this debt, we affirm the trial court's judgment.

At issue in this appeal is whether Appellant agreed to assume payments of a community debt in the form of a note payable to Guaranty State Bank in New Braunfels, Texas. Guaranty State Bank intervened in the divorce action to recover the $2,063.39 balance due on the note, attorney fees and court costs, as provided for in the note. On July 19, 1982, a hearing was held to determine which party was to be responsible for payment of the Guaranty Bank note. At the close of the hearing, the trial judge stated that he would "take this matter under advisement . . . ." However, the parties relieved the trial judge of any further need to consider who should assume this debt when they announced the next day that they had entered into a property settlement agreement.

The record of the July 20, 1982 hearing reflects the parties agreed that "Gary Hahne will assume the liabilities of *any* community debts that were incurred prior to the divorce petition being filed with the exclusion of one debt which came after the petition was filed . . .," (a note at Broadway National Bank in San Antonio, Texas). Although no specific mention was made of the Guaranty State Bank note by the attorneys, the trial judge specifically inquired whether Appellant would assume that debt. Appellee's attorney stated "[t]hat is to be paid by Mr. Hahne" and Appellant's attorney added "[w]e think that was a community debt." Both Appellant and Appellee were present at the hearing, and after each attorney rested, the following testimony transpired:

COURT: "Mr. and Mrs. Hahne, did each of you enter this agreement of your own free will?"

MR. HAHNE: "Yes sir."

MRS. HAHNE: "Yes sir."

COURT: "Do you understand the agreement?"

MR. HAHNE: "Yes."

MRS. HAHNE: "Yes sir."

COURT: "Do you feel it is just and fair?"

MR. HAHNE: "Yes."

MRS. HAHNE: "Yes sir."

COURT: "The Court is going to approve the agreement and grant the divorce."

Another hearing occurred on July 26, 1982. At that time, the parties reconfirmed their agreement that Appellant would pay all community debts incurred "prior to the filing of the petition, . . . save and except, specifically, one obligation which is the note at the . . . Broadway National Bank in San

Antonio, Texas ..." Additionally, Appellant agreed to pay the attorney fees provided for in the note. The trial judge again queried Appellant and Appellee about their agreement:

COURT: "You entered into this agreement of your own free will?"

MRS. HAHNE: "Yes, sir."

COURT: "Nobody forced you to do that?"

MRS. HAHNE: "No."

COURT: "You feel that it is fair and just?"

MRS. HAHNE: "Yes."

COURT: "Mr. Hahne, would your testimony be the same?"

MR. HAHNE: "Yes, sir."

COURT: "The court will approve the agreement."

■ Appellant argues in his first point of error that the trial court erred in rendering the agreed judgment because the court reserved ruling on the Guaranty State Bank issue and the parties never decided who would pay that debt. As mentioned above, the agreement reached between the parties precluded the necessity for further consideration by the trial judge. Thus, the initial reservation of ruling is immaterial to this appeal. Additionally, we have outlined references in the record to the parties' agreement that Appellant would assume the note in question. There is no merit to the argument that Appellant did not agree to pay the note or that the issue was never settled.

■ Appellant also alleges that the agreed division does not constitute a consent judgment because neither party signed the agreement. Appellant cites TEX.R. CIV.P. 11 for the proposition that such a judgment must be signed. Appellant fails to mention that rule 11 also provides that agreements between parties will be enforced if they are "made in open court and entered of record." Since this alternative was selected by the parties, as evidenced by Appellant's attorney reciting the contents of the agreement to the court, and Appellant confirming same, the agreement did not need be in writing or signed. Point of error one is overruled.

■ Appellant's second point of error alleges that the trial court erred in denying his Motion for New Trial. Appellant argues that he believed the initial dispute over who would pay the note had been severed from the remainder of the trial and that Appellant never agreed to pay the debt. The record simply does not support these contentions. Appellant also claims that he repudiated his agreement by moving for a new trial and that the trial court thus incorrectly rendered judgment on the agreement. It is well settled that a consent judgment cannot be rendered when one party does not consent at the time judgment actually is rendered although that party previously may have consented to the agreement. Consent must exist at the moment the judgment is rendered. *Carter v. Carter,* 535 S.W.2d 215, 217 (Tex.Civ.App.— Tyler 1976, writ ref'd n.r.e.); *Burnaman v. Heaton,* 150 Tex. 333, 338, 240 S.W.2d 288, 291 (1951). Additionally, a party may revoke consent at any time *before* judgment is rendered. *Samples Exterminators v. Samples,* 640 S.W.2d 873 (Tex.1982). Appellant cites *Carter* which states that an objection to a motion for entry of judgment or an agreed settlement constitutes an effective repudiation of the agreement. Here, however, no objection to entry of judgment was made. In fact, Appellant acquiesced to the agreement *before* judgment was rendered. *After* judgment was rendered, Appellant moved for a new trial on the above-stated grounds. Appellant was too late in voicing his dissatisfaction with the judgment and failed to repudiate his consent. Point of error two is overruled.

■ The record reveals that this appeal was taken without sufficient cause. We find it is frivolous and patently without merit. We further find it was taken to delay Appellant's compliance with the consent judgment. Appellant, the defendant below, is therefore subject to the sanctions of TEX.R.CIV.P. 438 which states:

Where the court shall find that an appeal or writ of error has been taken for delay

and that there was no sufficient cause for taking such appeal, then the appellant, if he be the defendant in the court below, shall pay ten per cent on the amount in dispute as damages, together with the judgment and interest and costs of suit thereon accruing.

■ Ordinarily, these sanctions are invoked upon a prayer for such by an appellee. *See, e.g., Roye v. Silver Dollar Financing, Inc.,* 432 S.W.2d 123 (Tex.Civ.App.— Fort Worth 1968, no writ). Further, one appellate court has stated that it would not invoke these sanctions sua sponte. *Jarrett v. Great Southern Life Insurance Co.,* 449 S.W.2d 361 (Tex.Civ.App.—Beaumont 1969, no writ). However, we find no restrictions against a court invoking the rule and assessing damages for delay sua sponte. The rule states that "[w]here the court ..." finds the necessary requisites to invoke the rule, it *shall* assess damages for delay. The record in this case compels this action.

We are mindful of our responsibility to inspect the record for any error, assigned or not, before invoking rule 438. *Roye,* 432 S.W.2d at 124. Having carefully reviewed the record, we have ascertained no error. Thus, we are free to assess the damages provided for in rule 438.

We affirm the trial court's judgment and award damages in favor of Appellee and against Appellant in the amount of $206.34, this amount constituting ten per cent of the amount due on the note in controversy. Interest on this assessment will accrue from the date of this decision until paid at the rate of nine per cent per annum. *Page v. Cotton Construction Co.,* 617 S.W.2d 723, 725 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).