704 S.W.2d 482 (1986)
BUFFALO BAG COMPANY et al., Appellants,
v.
Mortimer R. JOACHIM et al., Appellees.
No. A14-85-621-CV.
Court of Appeals of Texas, Houston (14th Dist.).
January 16, 1986.
Rehearing Denied February 13, 1986.
Van E. McFarland, Houston, for appellants.
John A. Cavin, Morley H. White, Houston, for appellees.
Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION
J. CURTISS BROWN, Chief Justice.
This is an appeal from the entry of a judgment based on a settlement agreement made in open court pursuant to Tex.R.Civ.P. 11. Appellants (defendants below) contend the trial court erred in entering judgment for the appellees (plaintiffs below) because (1) the appellants repudiated the agreement prior to the rendition of judgment, (2) the proposed judgment did *483 not reflect the intent of the appellants, (3) there was no timely notice of the hearing on the motion for entry of judgment, (4) the judgment divested appellants of real property in violation of the statute of frauds, and (5) the appellants did not receive a copy of the transcript of the hearing on the motion for entry of judgment, thus depriving appellants of due process. Finding that the appellants withdrew consent to the agreement prior to the rendition of judgment, we reverse and remand.
The underlying lawsuit arose from an intra-family sale by appellees to appellants of stock in a family business, payment for which was made by a promissory note secured by deeds of trust on two parcels of land owned by appellants. When appellants defaulted on the first payment, appellees accelerated the debt and sought public sale of shares of stock in the business and judicial foreclosure of the land covered by the deeds of trust. This action came on for trial with a jury impaneled on April 30, 1985, at which time both parties informed the trial court that a settlement agreement had been reached which would result in an entry of judgment for the appellees. Counsel for appellees specified the terms of the agreement, which were dictated into the record, after which the trial court carefully questioned both sides as to their understanding of the terms and willingness to enter into the settlement agreement. Satisfied that both sides understood and consented to the agreement, the trial court approved the settlement and noted on the docket sheet "Judgment to be entered accordingly." However, when the formal judgment was presented for entry on May 10, 1985, appellants claimed that the judgment did not reflect the intent of the parties in that it did not dispose of all potential suits against the appellants by the trustee in the deeds of trust. After a lengthy discussion between the trial court and counsel for the parties, judgment was entered against appellants.
In their first point of error appellants claim the trial court erred in entering judgment for the appellees because the appellants repudiated the settlement agreement prior to the rendition of judgment.
Notwithstanding a valid Rule 11 agreement, consent must exist at the time an agreed judgment is rendered. Kennedy v. Hyde, 682 S.W.2d 525, 528 (Tex.1984). Therefore, a party may revoke its consent to settle a case anytime before judgment is rendered. Samples Exterminators v. Samples, 640 S.W.2d 873, 874 (Tex.1982). A rendition of judgment is the pronouncement by the court of its conclusions and decision upon the matters submitted to it for adjudication. Such conclusions and decisions may be oral or written, and judgment is rendered when the decision is officially announced either orally in open court or by a memorandum filed by the clerk of the court. Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 58 (Tex.1970). Rendition is distinguishable from the entry of judgment which is a purely ministerial act by which the judgment is made of record and preserved. Ex parte Gnesoulis, 525 S.W.2d 205, 209 (Tex.Civ.App.Houston [14th Dist.] 1975, no writ).
The dispositive issue in this appeal is whether the trial court rendered judgment at the hearing held on April 30, 1985. The language from the bench during that hearing indicates that the trial court was pleased that the parties had reached a settlement but does not go so far as to constitute an oral pronouncement by the court of its conclusions and decision on the settlement agreement presented. Therefore, the question becomes whether the docket sheet notation "Judgment to be entered accordingly" suffices as a rendition of judgment.
There is no case law directly on point. Several courts have addressed the sufficiency of a written memorandum to constitute a rendition of judgment. In Samples Exterminators v. Samples, 640 S.W.2d at 875, the court stated that judgment was rendered after the parties voiced their approval of the settlement dictated in open court when the trial court ordered the parties to sign and follow the agreement. More recently, in Flores v. Onion, 693 S.W.2d 756 (Tex.App.San Antonio 1985, *484 no writ), the court held that judgment was rendered when the trial court signed a handwritten consent decree prepared by the parties since this signature on the agreement was an official announcement of the court's decision by memorandum filed with the clerk. Cf. Ex parte Gnesoulis, 525 S.W.2d at 209, in which this court held that a letter written by the trial judge did not constitute a rendition of judgment where there was no indication in the record that the letter was ever filed with the clerk. The court stated that the letter was intended to be no more than a guideline upon which the attorneys were to draw up and submit their proposed judgments, and that the judge left room for refinement and definition of terms of the judgment as proposed in the letter.
In the instant case we have no such memorandum by the trial court spelling out its decision nor do we have an agreement signed by the judge or attorneys. We have only the proposed settlement agreement read into the record pursuant to Rule 11 and the trial court's docket notation "Judgment to be entered accordingly."
It is clear that had only the terms of the agreement been dictated in open court with the attorneys' announcement that the judgment would be prepared and submitted for the trial court's signature at a later date, a rendition of judgment would not have occurred. See Carter v. Carter, 535 S.W.2d 215, 217 (Tex.Civ.App.Tyler 1976, writ ref'd n.r.e.). It is also clear that had the trial court specified the terms of the judgment on the docket along with the words "decree to be entered," rendition would have occurred. See Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288 (1951). However, with no specific terms enunciated by the trial court, this court is of the opinion that the docket entry contains language, i.e., "to be," which indicates that a further, future action was necessary, and as such does not suffice to render judgment. Had the court noted "judgment is rendered accordingly," there is no doubt that appellant would be bound by the stipulated agreement.
Although this court is of the opinion that appellants abused the judicial process by allowing a jury to be impaneled, consenting to a settlement agreement whose terms were read into the record and then reneging on the very same agreement, and even though it is certain that the trial court meant to render judgment at the time the agreement was presented and approved, we hold that the docket language by itself does not constitute a rendition of judgment. As judgment had not been rendered at the time appellants withdrew consent to the settlement agreement, the trial court erred in entering judgment against the appellants. We sustain the first point of error, and reverse and remand this cause to the trial court for a trial on the merits.
Carried with this appeal is appellees' Motion to Dismiss or Affirm on grounds that appellants did not timely file a motion for new trial. Appellees base this argument on the fact that the trial court clerk noted in the transcript that "Our office show [sic] no record of filing motion for new trial." The docket sheet does indicate, however, that a timely motion for new trial was overruled. In addition, the record contains a stipulation signed by counsel for both parties in which it is agreed that appellants filed a timely motion for new trial. We cannot, therefore, hold that no timely motion for new trial was filed. The motion is overruled.