FORMBY'S KOA, Appellant,

v.

BHP WATER SUPPLY CORPORATION, Appellee.

No. 05-86-00304-CV.

Court of Appeals of Texas, Dallas.

April 30, 1987.

Jeffrey L. Wood, Ramona R. Stephens, Dallas, for appellant.

Smith E. Gilley, Greenville, Jack K. Smith, R. Lynn Fielder, Dallas, for appellee.

Before STEPHENS, HECHT and BAKER, JJ.

HECHT, Justice.

Our decision in this case turns on whether appellant Formby's KOA withdrew its consent to an agreement announced by the parties on the record in open court and noted on the docket sheet, before judgment was rendered on the agreement. We hold that it did, and consequently, reverse the judgment and remand the case to the district court.

After this case was called for trial, appellee BHP Water Supply Corporation's attorney announced to the court:

> Your Honor, the BHP Water Supply Company, through its attorney, announces that we believe that a tentative agreement has been reached, whereby, the matter would be settled, then the instruments would be drawn to set out in particular those aspects that need maybe some refinement.

Attorneys for both parties then recited on the record in open court the somewhat involuted terms of a settlement of the entire dispute, which the trial judge noted in detail on his docket sheet. Representatives of both parties present in the courtroom formally assented to the agreement and asked the court to approve it. The following colloquy between the court and counsel concluded the proceeding:

> THE COURT: All right. Fine. It is my understanding—how quickly will an order be prepared before we dispose of the case? As soon as the instruments—
>
> [BHP'S ATTORNEY]: Your Honor, it will probably be the later part of next week.
>
> [FORMBY'S ATTORNEY]: We would—
>
> THE COURT: This will dispose of the case?
>
> [BHP'S ATTORNEY]: Yes.
>
> THE COURT: All right. Fine....

On his docket sheet the trial judge wrote, over his signature:

> Parties present w attnys. M/Cont heard & denied. Recess for settlement effort. Agreement announced & read into record. Approved. Instruments to be drawn.... (This is final disposition of case)

[Terms of agreement omitted.]

Three months later BHP moved for judgment on the agreement recited in open court. Formby's filed a response stating that it had withdrawn its consent to rendition of an agreed judgment. The trial court heard and granted BHP's motion without notice to and in the absence of Formby's.

Formby's and BHP agree on two governing principles. First, the general rule, applicable in this case, is that an agreement for judgment, like other agreements in a pending lawsuit, will ordinarily not be enforced "unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex.R.Civ.P. 11; *Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984). Second, a judgment cannot be rendered on an agreement, even if it complies with Rule 11, after any party bound by the judgment has withdrawn consent to the agreement. *Id.* at 528–529; *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 291 (1951). *See also Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983).

Formby's and BHP disagree as to when judgment was rendered in this case. Formby's argues that judgment was not rendered until the judge signed the written instrument, after Formby's had withdrawn its consent to the settlement agreement. BHP argues that judgment was rendered the day the settlement agreement was stated on the record, confirmed by the parties, approved by the trial court, and noted on the docket sheet, long before Formby's withdrew its consent.

"The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue." *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040, 1041 (1912).

"[T]he rendition of judgment is the pronouncement by the court of its conclu-

sions and decision upon the matter submitted to it for adjudication" which "may be oral as well as written".... [A] judgment is " 'rendered' when the decision is officially announced either orally in open court or by memorandum filed with the clerk." ... "A judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk, in his official capacity and for his official guidance—whether orally or by written memorandum—the sentence of the law pronounced by him in any cause."

*Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 292 (1953) (emphasis and citations omitted); *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58–59 (Tex.1970).

The judge's intention to render judgment in the future cannot be a present rendition of judgment. The rendition of judgment is a present act, either by spoken word or signed memorandum, which decides the issues upon which the ruling is made. The opportunities for error and confusion may be minimized if judgments will be rendered only in writing and signed by the trial judge after careful examination. Oral rendition is proper under the present rules, but orderly administration requires that form of rendition to be in and by spoken words, not in mere cognition, and to have effect only insofar as those words state the pronouncement to be a present rendition of judgment.

*Reese v. Piperi,* 534 S.W.2d 329, 330 (Tex. 1976).

When these principles are applied to the case at hand, the ineluctable conclusion is that the trial judge did not render judgment orally at the hearing at which the settlement agreement was announced. He did not say in so many words that judgment was rendered. He did not order the parties to sign and follow the agreement announced and approved by them in open court. *See Samples Exterminators v. Samples,* 640 S.W.2d 873 (Tex.1982). On the contrary, he indicated his understanding that instruments effectuating the settlement and an order would be prepared and presented before the case could be disposed of. This understanding was consistent with BHP's attorney's statement that the agreement was "tentative" and that "instruments would be drawn to set out in particular those aspects that need maybe some refinement." The judicial pronouncement was of future, not present, judgment.

Furthermore, the trial judge did not render judgment by his docket sheet notation. "As a rule a mere docket entry is not sufficient to constitute a judgment or decree of the court." *Loper v. Hosier,* 148 S.W.2d 889, 891 (Tex.Civ.App.—Dallas 1941, writ dism'd judgmt cor.).[1] The rule is applicable here where there is no indication in the record of the hearing that the trial court called the docket notation to the parties' attention in open court or filed the docket sheet with the clerk as his judgment. From all appearances, the docket sheet notation was no more than a convenient reminder to the trial judge of the terms of the agreement announced by the parties.[2] Moreover, like the trial court's oral remarks at the hearing, the docket

---

**1.** *See Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 292 (1953) (notation, "Dismissed for want of prosecution", signed by judge, on docket sheet delivered to clerk by mistake, did not constitute rendition of judgment); *Preferred Life Insurance Co. v. Caldwell,* 311 S.W.2d 518, 520 (Tex.Civ.App.—Austin 1958, writ dism'd) (notation on docket sheet, "Judgment rendered for Plaintiff", was not a judgment); *Buffalo Bag Co. v. Joachim,* 704 S.W.2d 482, 484 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (docket sheet notation, "Judgment to be entered accordingly", made after parties announced settlement agreement in open court on record, was not rendition of judgment).

*But see Texas Life Insurance Co. v. Texas Building Co.,* 307 S.W.2d 149, 154 (Tex.Civ.App. —Fort Worth 1957, no writ) (docket sheet notation, "Judgment for Plaintiff against Texas Building Co. and Nu-Homes, Inc. for $42,000; Judgment for Deft's, Matlock and T.J. Bettes Co. and Lynn Institute for Savings against Texas Life Ins. Co.; as per decree on file", created rebuttable presumption that judgment rendered accordingly, even though decree not filed until later).

**2.** *See Energo International Corp. v. Modern Industrial Heating, Inc.,* 722 S.W.2d 149, 151 (Tex. App.—Dallas 1986, no writ) ("A docket entry forms no part of the record which may be

sheet notation reflects the trial judge's understanding that instruments remained to be prepared. The statement, "this is a final disposition of the case", read in context of the entire notation and the trial court's oral remarks, indicates only that the agreement covered all issues of disagreement between the parties, not that those issues were then and there adjudicated.[3]

We conclude, therefore, that judgment was not rendered at the time the parties announced their agreement in open court, neither by the judge orally, nor by his docket sheet notation. Judgment was not rendered until the judge signed the written instrument, after Formby's had withdrawn its consent to the agreement. Accordingly, it was error for the trial court to render judgment on the parties' agreement after Formby's had withdrawn its consent.

Formby's second point of error is sustained. In view of our holding, Formby's remaining points of error need not be addressed. The judgment is reversed and the case remanded to the district court.

considered; it is a memorandum made for the trial court and clerk's convenience.")

3. In *Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482, 484 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), the court stated in dicta:

It is also clear that had the trial court specified the terms of the judgment on the docket along with the words "decree to be entered,"

rendition would have occurred. *See Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951).

This proposition is far from clear to us, nor do we find it to be supported by the cited authority. Nevertheless, even if the proposition were correct, it would not make the docket sheet notation in the case at bar a rendition of judgment.