Elizabeth Darlee JONES, Appellant,

v.

AMERICAN MOTORISTS INSURANCE
COMPANY, Appellee.

No. B14–88–167–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 23, 1989.

Rehearing Denied April 20, 1989.

Kerry G. Fellows, Houston, for appellant.

Robert J. Filteau, Edward D. Burbach, Houston, for appellee.

Before ROBERTSON, SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is a summary judgment case. Elizabeth Darlee Jones ["Jones"] recovered worker's compensation benefits from the Industrial Accident Board for a 1981 injury. American Motorists Insurance Company ["AMI"] filed suit against Jones to challenge the award and Jones counterclaimed that the award was too low. AMI moved

for summary judgment claiming the parties had settled. The trial court granted the motion. We reverse and remand the case for a trial on the merits.

A court properly grants a motion for summary judgment for the movant when the summary judgment evidence shows: 1) there are no genuine issues of material fact and; 2) the moving party is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). The controlling issue when this court reviews the propriety of granting summary judgment is whether the movant met those burdens as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546 (Tex.1985); *Gibbs v. Gen. Motors Co.,* 450 S.W.2d 827 (Tex.1970). For purposes of deciding whether there is a disputed material fact issue precluding summary judgment, this court will presume evidence favorable to the non-movant is true, provided it complies with Rule 166a. *Nixon,* 690 S.W.2d at 548–49. AMI failed to meet its summary judgment burden for several reasons.

AMI filed a motion for summary judgment on October 15, 1987. Relying on Tex.R.Civ.P. 11, AMI sought to enforce an alleged settlement agreement between the parties. AMI maintained that on July 8, 1987, Jones transmitted to AMI an offer to settle her claim for $9,000 plus two years' open medical benefits. AMI attached copies of the following to its motion for summary judgment: two letters drafted by its attorney, which it claimed to have sent Jones, and two unsigned documents. The first letter, dated July 31, 1987, purported to accept Jones' "offer." The second correspondence, dated August 26, 1987, served as the cover letter by which AMI allegedly sent Jones the two additional documents AMI attached to the motion: a proposed affidavit and a proposed final judgment for Jones to sign.

■ AMI failed to show it was entitled to judgment because the summary judgment evidence does not conclusively establish that Jones agreed to settle her claim in exchange for $9,000 plus two years' open medical. Nothing in the record supports AMI's summary judgment assertion that

Jones offered to settle. Absent proof of an offer, AMI's "acceptance" amounts to a bare legal conclusion without basis in fact. Accordingly, AMI's July 31 letter will not support summary judgment. *Hidalgo v. Surety Sav. & Loan Ass'n,* 487 S.W.2d 702, 703 (Tex.1972.) By the same principle, since there is no summary judgment proof that Jones signed or even received the proposed affidavit or the proposed agreed judgment, AMI's transmittal letter and the proposed documents are not competent evidence that Jones agreed to settle her claim. *Id.*

■ Even if AMI's proof had been sufficient, Jones thoroughly disputed entering into any agreement to settle with AMI in her response to its motion for summary judgment. Jones supported her response with her own affidavit and the affidavits of the two attorneys who represented her at different stages of her suit against AMI. In her affidavit, Jones claimed she decided against settling for $9,000 plus two years' open medical, although she had the opportunity to do so. Jones' attorneys attested to her having rejected the $9,000 plus two years' medical settlement, consistent with her rights under her contracts with them. This was competent summary judgment evidence under Rule 166a(c). Since this court must take evidence favorable to the non-movant as true, *Nixon,* 690 S.W.2d at 548–49, we hold that Jones' response sufficiently established the existence of genuine issues of material fact to preclude summary judgment for AMI.

■ As in the trial court, AMI contends the record sufficiently reflects compliance with Tex.R.Civ.P. 11 to entitle it prevail on its motion for summary judgment. Parties who seek a judgment to enforce an agreement concerning a pending suit must comply with Rule 11. *Kennedy ·v. Hyde,* 682 S.W.2d 525, 529 (Tex.1984). On its face, the rule forbids enforcement of an agreement unless it is: 1) in writing, signed and filed with the papers as part of the record or; 2) made in open court and entered of record. *See Kennedy,* 682 S.W.2d at 525 (Rule 11 "means precisely what it says.") Although "written" and "filed with the

court" as attachments to AMI's motion for summary judgment, there is no evidence that Jones ever signed the proposed affidavit and judgment AMI claimed to have sent her. Accordingly, the first alternative under Rule 11 does not apply.

AMI claims, in the alternative, that it satisfied Rule 11's second alternative, and thereby showed it was entitled to prevail on its motion for summary judgment, because the record sufficiently reflects the parties' having announced a settlement before the court in a pretrial conference allegedly held on August 27, 1987. AMI bases its contention on the entry "8–27–87 Dismissed" on the trial court's docket sheet. The docket entry cannot suffice to support the court's rendering summary judgment for AMI, principally because the record does not show that the parties made any agreement "in open court" or that they memorialized the terms of that agreement by reading it into the record. *See Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482, 483 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

But even if the docket entry were legally sufficient evidence of entry of an agreed judgment of settlement, Texas law recognizes the right of a party to revoke consent prior to rendition of judgment. *Kennedy v. Hyde*, 682 S.W.2d at 528; *Buffalo Bag*, 704 S.W.2d at 483; *Hahne v. Hahne*, 663 S.W.2d 77, 79 (Tex.App.—Houston [14th Dist.] 1983, no writ). Rendition of judgment in the instance case occurred when the court granted summary judgment in favor of AMI on November 16, 1987. Because Jones' response to AMI's motion for summary judgment thoroughly disputed any claim of a settlement, and thereby revoked "consent," if any, the court erred by granting AMI's motion.

Accordingly, we sustain Jones' point of error challenging the summary judgment granted in favor of AMI, reverse the judgment of the trial court and remand this case for a trial on the merits.