Ann Boucher HOLLAWAY, Appellant,

v.

Lawrence Gerald
HOLLAWAY, Appellee.

No. 01–89–00394–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 24, 1990.

Rehearing Denied June 21, 1990.

Lewis Dickson, Houston, for appellant.

Patricia A. Wicoff, Houston, for appellee.

Before SAM BASS, COHEN and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a judgment based upon a settlement agreement between the parties.

Appellant, Ann Boucher Hollaway, filed suit for divorce against appellee, Lawrence Gerald Hollaway, on October 23, 1987. The case was called for trial on November 28, 1988. At that trial setting, Ms. Hollaway's attorney of record withdrew from the case, a new counsel was designated, a two-week continuance was granted, and the trial date was reset for December 13, 1988.

On December 13, 1988, the parties, after extensive negotiations, announced that a settlement agreement had been reached. The terms of the settlement agreement were dictated and recorded by the court reporter in open court, pursuant to rule 11 of the Texas Rules of Civil Procedure.

Rule 11 provides:

Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, *or unless it be made in open court and entered of record.*

Tex.R.Civ.P 11 (emphasis added).

After the terms of the agreement were dictated, both parties were asked if they entered into the agreement of their free will, and if they were satisfied with their attorney's representation. Each party responded affirmatively, and the court accepted the agreement. The court's precise words at the conclusion of the December 13, 1988 hearing were:

I'll grant the Divorce and approve the settlement. It's on the Record. I will approve the settlement in January.

However, it's my intention the Divorce is rendered today. The signing of the Decree will merely be a ministerial act. Because it's over with and done. The agreement is entirely dictated on the Record.

The court then requested one of the attorneys to prepare the written decree, to be signed in January, and the hearing was adjourned.

Prior to the January hearing, Ms. Hollaway notified her trial counsel that she wished to repudiate the agreement made in court. Her trial counsel referred her to another attorney to handle the matter. On January 10, 1989, the date final judgment was to be rendered, Ms. Hollaway's post-trial counsel filed a motion in opposition to entry of judgment. A hearing was held on the motion prior to the signing of the judgment. At that hearing, the new attorney argued that Ms. Hollaway had repudiated the earlier settlement agreement, which she had been forced to enter in an "atmosphere of duress, coercion and an utter feeling of helplessness." He also argued that the court's language at the conclusion of the December 13, 1988 hearing constituted an interlocutory judgment granting the divorce, leaving open the question of settlement until January. He offered to present testimonial evidence from Ms. Hollaway, her trial counsel, and another former attorney for Ms. Hollaway. The court did not allow the testimony, but stated that such evidence could properly be heard in a motion for new trial. The court then concluded that the judgment was rendered on December 13, 1988, and the January 10, 1989 hearing was purely for the ministerial task of signing the decree.

Ms. Hollaway's motion for new trial, filed January 19, 1989, was based on the same arguments raised at the January 10, 1989 hearing, and was denied. On appeal, she brings two points of error.

The first point of error complains that the court erred in rendering judgment, because Ms. Hollaway had repudiated the

settlement agreement before the final judgment was made.

The dispositive issue on this point is whether the trial court rendered judgment at the December 13, 1988 hearing. Ms. Hollaway argues that the language from the court indicates that the matter of the settlement was left open until January, relying on *Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). In *Buffalo Bag*, the same issue was presented. In that case, though the terms of the agreement had been dictated into the record, because the language from the bench during the hearing indicated that the court was pleased that the parties had reached a settlement, but did not go so far as to constitue an oral pronouncement by the court of its conclusions and decision on the settlement, the court of appeals looked to the docket sheet notation for guidance. *Id.* at 483. The court decided that the docket sheet notation "Judgment to be entered accordingly" indicated "that a further, future action was necessary, and as such [did] not suffice to render judgment." *Id.* at 484.

Ms. Hollaway argues that the language from the bench, "I will approve the settlement in January," also indicated a need for future action and, therefore, the judgment was not rendered until January. However, *Buffalo Bag* is distinguishable on its facts. In our case, the court went on to state that the signing of the decree would be "merely a ministerial act" and that "it's over and done with." At the January hearing on the motion in opposition to entry of judgment, the court made it clear that its intention on December 13, 1988, was to finally dispose of the divorce and the settlement.

We also think it is clear that the court intended to render a final judgment in De-cember, and ordered the attorney for Mr. Hollaway to draft the decree for his signature in January. *Wharton v. Gonzales*, 761 S.W.2d 72, 74 (Tex.App.—Houston [14th Dist.] 1988, no writ). The agreement reached between the parties was dictated into the record in great detail, and precluded the necessity for any further consideration by the trial judge. *Hahne v. Hahne*, 663 S.W.2d 77, 79 (Tex.App.—Houston [14th Dist.] 1983, no writ). While there are a number of other appellate decisions that might appear to decide the issue differently, those cases are distinguishable and are, therefore, not dispositive.[1]

Ms. Hollaway also argues that the statements of the court, "I will approve the settlement in January," and "[h]owever, it's my intention the Divorce is rendered today," created an interlocutory order which did not become final until January. We agree that the divorce and property division are not severable. *Garrison v. Texas Commerce Bank*, 560 S.W.2d 451, 453 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). We would also agree that if the court had attempted to sever the two matters, the judgment would not have become final until January, and Ms. Hollaway's repudiation would have invalidated the settlement agreement. *Seibert v. Seibert*, 759 S.W.2d 768, 770 (Tex.App.—El Paso 1988, writ denied). Our determination that the court rendered a final judgment as to both matters in December, however, disposes of the severance argument.

We overrule the first point of error.

Ms. Hollaway's second point of error complains that the court erred in rendering judgment based on a settlement agreement obtained through duress.

1. *See Jones v. American Motorists Ins. Co.*, 769 S.W.2d 617 (Tex.App.—Houston [14th Dist.] 1989, no writ) (the docket entry, "8–27–87 Dismissed," cannot suffice to support the court's rendering summary judgment for AMI, principally because the record does not show that the parties made any agreement "in open court" or that they memorialized the terms of that agreement by reading it into the record); *Formby's KOA v. BHP Water Supply Corp.*, 730 S.W.2d 428 (Tex.App.—Dallas 1987, no writ) (judgment was not rendered at the time the parties announced their agreement in open court, neither by the judge orally, nor by his docket sheet notation of "final disposition," where attorney had stated on the record that the agreement was "tentative" and that "instruments would be drawn to set out in particular those aspects that need maybe some refinement").

At the hearing on the motion for new trial, Ms. Hollaway testified that her attorney had pressured her into agreeing to the settlement. She testified that the attorney told her that if she did not agree, the judge would give everything to her husband. She claimed that her attorney had campaigned against the judge, and that was the reason for the need to settle or lose everything. She further claimed that when she tried to say anything during the December settlement hearing, the attorney would tell her to shut her mouth, and at one point the attorney reached over and grabbed her hand, digging long fingernails into her hand.

Prior to the hearing on Ms. Hollaway's motion for new trial, there was no evidence of duress. The judge approved the property settlement agreement after making a reasonable inquiry regarding appellant's satisfaction with the agreed settlement and her satisfaction with the representation by her attorney. *Wiegand v. Wiegand,* 606 S.W.2d 352, 354 (Tex.Civ.App.—San Antonio 1980, no writ).

The basis of Ms. Hollaway's complaint seems to be that she was not adequately represented by her attorney. A claim of inadequate representation does not alone constitute grounds for reversal. *Scheffer v. Chron,* 560 S.W.2d 419, 420 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.).

We overrule the second point of error and affirm the judgment of the trial court.