LARSEN, Justice,
concurring.
I agree with the majority’s reasoning in this ease, but I write to emphasize that an enforceable agreement under Tex.R.Civ.P. 11 could have been created by recitation on the record in open court, coupled with the trial judge’s statement of present intent that judgment be at that time rendered in accordance with the recited terms. Buffalo Bag Co. v. Joachim, 704 S.W.2d 482, 484 (Tex.App.— Houston [14th Dist.] 1986, writ refd n.r.e.). Apparently, the parties here attempted to create an enforceable agreement by this method, but nothing in the appellate record reflects the terms of that agreement in any way. Moreover, Appellee failed to file a brief on appeal, which certainly does not help his cause. Under these facts, I agree reluctantly that Appellee failed to meet the requirements of Rule 11 and Appellant is entitled to reversal of the judgment and another trial on the merits. I believe, however, that a few minutes spent hammering out the details of the parties’ agreement, a full recital of those terms before the trial court on the record, and the trial court’s statement from the bench that “judgment is rendered accordingly” would have saved an appeal and second jury trial in this case, with its attendant waste of judicial resources. Id. Hastily-wrought agreements in the heat of jury trial are a frequent, and generally desirable, part of the judicial process; a little extra time and attention by counsel to insure enforceability would avoid the abuse of the process we see here. Nevertheless, I believe the law compels the outcome reached by the majority.