PARHAM V. PARHAM 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00617-CV







Peggy D. Parham, Appellant



v.



Roland Carrol Parham, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 138,271-D, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING








 The trial court signed a decree granting a divorce between Peggy Parham,
appellant, and Roland Parham. Because Mr. Parham was deceased at the time the district court
rendered judgment, and because we conclude that no valid Rule 11 agreement existed between the
parties, we will reverse and remand.



FACTUAL AND PROCEDURAL BACKGROUND
 

 On May 18, 1992, Roland Parham filed a petition for divorce. Appellant filed an
answer and counter-petition for divorce. On September 9, 1992, the Parhams appeared in open
court and filed a document signed by their attorneys regarding the division of a portion of their
property. No record was made of this hearing, although the trial judge noted the following on
the docket sheet: "Divorce. Parties & attys present, heard on cross petition. Divorce granted,
no children. Property as per agreed decree. C. W. Duncan, Judge Presiding."

 No written decree had been signed when Roland Parham died on October 15, 1992. 
On December 28, 1992, Mr. Parham's attorney filed a "Motion to Sign Decree of Divorce" and
submitted a draft of a decree containing numerous terms that were not addressed in the
memorandum on file with the court. Appellant's attorney filed a response to this motion, raising
various issues that had caused her to withdraw her consent to the agreement. She contended that
the September 9, 1992 agreement was not sufficiently detailed to constitute or authorize a consent
decree. On July 28, 1993, the trial court signed a divorce decree that contained provisions that
were not a part of the September 9, 1992 memorandum filed with the court. (1) Appellant filed a
timely motion for new trial asserting that she had withdrawn her consent to any property rights
settlement embodied in the decree, that she had the right to withdraw her consent, that Mr.
Parham had obtained her consent by fraud and misrepresentation, and that the purported Rule 11
agreement did not suffice to authorize a consent decree over her objection. After a hearing, the
trial court overruled the motion.

 In three points of error, appellant contends that the district court erred by: (1)
signing the decree of divorce after she had withdrawn consent to the settlement agreement; (2)
signing a decree containing additional terms that the court lacked authority to supply; and (3)
refusing to grant appellant's motion for a new trial, because her consent to the agreement was
obtained by fraud and misrepresentation.


DISCUSSION
 

 The death of either party prior to rendition of a divorce decree withdraws the
subject matter of the litigation from the jurisdiction of the court. Thus, if the present judgment
was not rendered before October 15, 1992, the trial court had no jurisdiction to render judgment
after that date. The power to settle claims between the parties is merely incidental to the primary
object of changing the status or relation of the parties, and this power abates automatically upon
the death of either party. Garrison v. Garrison, 568 S.W.2d 709, 710 (Tex. Civ.
App.Beaumont 1978, no writ); Garrison v. Texas Commerce Bank, 560 S.W.2d 451, 453 (Tex.
Civ. App.Houston [1st Dist.] 1977, writ ref'd n.r.e.); Parr v. White, 543 S.W.2d 445, 448
(Tex. Civ. App.Corpus Christi 1976, writ ref'd n.r.e.).

 Likewise, a party may revoke his or her consent at any time before the court
renders judgment on an agreement between the parties. Here, if judgment was not rendered
before appellant repudiated her consent to the property settlement agreement, then rendering
judgment on such agreement was improper. A judge cannot render a consent judgment when one
party does not consent at the time he actually renders judgment, even though that party may have
previously consented to the agreement, because consent must exist at the moment the court renders
judgment. Burnaman v. Heaton, 240 S.W.2d 288, 291 (Tex. 1951); Cary v. Cary, 894 S.W.2d
111, 112 (Tex. App.Houston [1st Dist.] 1995, no writ); Formby's KOA v. BHP Water Supply
Corp., 730 S.W.2d 428, 431 (Tex. App.Dallas 1987, no writ); Hahne v. Hahne, 663 S.W.2d
77, 79 (Tex. App.Houston [14th Dist] 1983, no writ); Vineyard v. Wilson, 597 S.W.2d 21, 23
(Tex. Civ. App.Dallas 1980, no writ); Carter v. Carter, 535 S.W.2d 215, 217 (Tex. Civ.
App.Tyler 1976, writ ref'd n.r.e.). Unless it rendered judgment on September 9, 1992, the trial
court was not authorized to render an agreed judgment without appellant's consent once she made
it known that she was repudiating the settlement agreement. We must set aside any alleged
consent decree rendered under such circumstances. Burnaman, 240 S.W.2d at 291-92; Jones v.
American Motorists Ins. Co., 769 S.W.2d 617, 619 (Tex. App.Houston [14th Dist.] 1989, no
writ); Vineyard, 597 S.W.2d at 23; Carter, 535 S.W.2d at 217.

 On the other hand, when judgment has already been rendered, neither death nor
the withdrawal of consent undermines the rendering of judgment. The death of one of the parties
does not abate a divorce action when a judge has rendered a prior order disposing of all issues. 
Novotny v. Novotny, 665 S.W.2d 171, 173-74 (Tex. App.Houston [1st Dist.] 1983, writ dism'd). 
Furthermore, a party may not repudiate consent to the settlement agreement after judgment is
rendered thereon. Dunn v. Dunn, 439 S.W.2d 830, 833 (Tex. 1969); Giles v. Giles, 830 S.W.2d
232, 237 (Tex. App.Fort Worth 1992, no writ); Novotny, 665 S.W.2d at 174; Hahne, 663
S.W.2d at 79.

 In the present case, therefore, the critical issue is whether the trial court actually
rendered judgment on September 9, 1992. Mr. Parham argues that the memorandum filed on
September 9, 1992, represents a valid Rule 11 agreement and that the trial court approved this
agreement and rendered judgment at that time. See Tex. R. Civ. P. 11. On its face, Rule 11
forbids enforcement of an agreement unless it is: (1) in writing, signed and filed with the papers
as part of the record; or (2) made in open court and entered of record. Jones, 769 S.W.2d at 618;
Formby's KOA, 730 S.W.2d at 429. Rule 11 is a minimum requirement for enforcement of all
agreements concerning pending suits, including, but not limited to, agreed judgments. The clear
language of the rule indicates that compliance with Rule 11 is a general prerequisite for any
judgment enforcing an agreement touching a pending suit. Kennedy v. Hyde, 682 S.W.2d 525,
528-29 (Tex. 1984). The rationale underlying Rule 11 is sensible and contributes to efficient
court administration. Courts welcome agreements and stipulations because they limit the matters
in controversy and expedite trial proceedings. Rule 11 ensures that such agreements do not
themselves become sources of controversy, impeding rather than advancing the resolution of
lawsuits. The requirements of Rule 11 are not onerous, and the benefits are substantial. Id. at
530. The supreme court's opinion in Matthews v. Looney, 123 S.W.2d 871 (Tex. 1939),
demonstrates that an agreement not in compliance with the rule will not support an agreed
judgment. Thus, as a general rule compliance with Rule 11 is necessary, but not necessarily
sufficient, to support an agreed judgment.

 The parties in the present case appeared in open court. Although the trial court
heard testimony and made some pronouncements, no record was made of that proceeding. 
Accordingly, the requirement that the agreements be made "in open court and entered of record"
was not satisfied. Without a valid Rule 11 agreement sufficient to supply all of the terms at the
time judgment was rendered, the court could not render judgment thereon.

 In order to be final, a judgment must dispose of all issues and parties in the case. 
Garrison v. Texas Commerce Bank, 560 S.W.2d at 453. A memorandum that is dispositive of
all issues in a case is a valid Rule 11 agreement only when the formal signing of a written
judgment is merely a ministerial act. In this connection, the memorandum is analogous to an oral
pronouncement of judgment by the court. Dunn, 439 S.W.2d at 832-33; Novotny, 665 S.W.2d
at 173. The signing of a written judgment is a ministerial act only when the court has already
determined and announced the rights of all parties and the disposition of all issues, so that the
court need take no future action to settle and determine the entire controversy. Novotny, 665
S.W.2d at 174.

 It is absolutely essential that the parties themselves agree on all the settlement
terms, provisions, and conditions; the trial court has no power to supply terms, provisions, or
conditions that the parties did not previously agree to, and the court has no authority to render an
agreed judgment that does not fall strictly within the terms of the agreement that the parties
themselves dictated into the record. Vineyard, 597 S.W.2d at 23. In the present case, the
purported Rule 11 agreement did not state which party would receive the portion of their property
not mentioned in the agreement. (2)

 The lack of detail of the settlement agreement distinguishes this case from Hollaway
v. Hollaway, 792 S.W.2d 168 (Tex. App.Houston [1st Dist.] 1990, writ denied). In Hollaway,
the parties dictated the settlement agreement into the record in great detail, precluding any
necessity for further court consideration. The trial judge stated on the record that the signing of
the decree would be a ministerial act and that "it's over and done with." Thus, the court had
enough detail in the settlement agreement to render judgment without adding terms and provisions
to the decree. Id. at 170. In contrast, the September 9, 1992 memorandum lacks the requisite
detail to suffice as a valid Rule 11 agreement.

 Moreover, the record in the present case is insufficient to establish that the district
court rendered judgment on September 9, 1992, even if there had been a valid Rule 11 agreement. 
The rendition of judgment is a present act, either by spoken word or signed memorandum, that
decides the issues on which the ruling is made. The opportunities for error and confusion may
be minimized if judgments will be rendered only in writing and signed by the trial judge after
careful examination. Judges must orally render judgment in and by spoken words, not in mere
cognition, and such a rendition can have effect only insofar as the words state the pronouncement
to be a present rendition of judgment. Giles, 830 S.W.2d at 235-36; Formby's KOA, 730 S.W.2d
at 430.

 A judgment is in fact rendered whenever the trial judge officially announces his
decision in open court, or out of court signifies to the clerk, in his official capacity and for his
official guidancewhether orally or by written memorandumthe sentence of the law pronounced
by him in any cause. Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 58 (Tex. 1970); Formby's
KOA, 730 S.W.2d at 429-30; Buffalo Bag Co. v. Joachim, 704 S.W.2d 482, 483 (Tex.
App.Houston [14th Dist.] 1986, writ ref'd n.r.e.); Novotny, 665 S.W.2d at 173.

 In the present case, the September 9, 1992 hearing was not reported. Therefore,
the court's spoken word cannot be analyzed. This further distinguishes this case from Hollaway,
where the court's precise words at the hearing's conclusion were: "I'll grant the Divorce and
approve the settlement. It's on the Record. I will approve the settlement in January. However,
it's my intention the Divorce is rendered today. . . . The agreement is entirely dictated on the
Record." Hollaway, 792 S.W.2d at 169.

 Mr. Parham suggests that this case is the mirror image of Giles. The facts in the
instant case, however, are distinct from those in Giles. In Giles, the parties' consent agreement
was announced in open court and dictated into the record. 830 S.W.2d at 233. The parties were
sworn as witnesses and testified they approved the terms of the agreement. Id. at 234. At the
conclusion of the hearing, the trial judge granted the divorce, effective immediately, and stated
that the parties' agreement was approved. Id. The court ordered the attorneys to prepare and
approve the decree and stated that the divorce decree would not require the signatures of either
of the parties. Additionally, the court stated: "So far as the two of you are concerned, your
divorce is granted today." Id. Finally, the court signed a docket notation affirmatively granting
the divorce and stating that the property was divided according to the terms read into the record. 
Id.

 In the present case, the only similar fact favoring a conclusion that the district court
rendered judgment on September 9, 1992 is the docket entry. That docket entry alone cannot
suffice to support a conclusion that the court rendered judgment, however, because the record
does not show that the parties made any agreement "in open court" or memorialized the terms of
that agreement by reading it into the record. Jones, 769 S.W.2d at 619. The trial judge did not
render judgment by his docket sheet notation. A mere docket entry is generally not sufficient to
constitute a judgment or decree of the court. Formby's KOA, 730 S.W.2d at 430-31. Here, the
record contains no indication that the trial court called the docket notation to the parties' attention
in open court or filed the docket sheet with the clerk as his judgment. The docket notation
appears to be no more than a conventional reminder to the trial judge of the terms of the
agreement announced by the parties. Id. at 430.

 We conclude, therefore, that the trial court did not render judgment on September
9, 1992. The written judgment signed on July 18, 1993, supplied terms that were not contained
in the original agreement and that were added after Mr. Parham died and appellant withdrew her
consent. Appellant's first and second points of error are therefore sustained. In light of this
holding, we need not address point of error three.



CONCLUSION


 The judgment of the district court is reversed, and the cause is remanded for further
proceedings.



 J. Woodfin Jones, Justice

Before Justices Aboussie, Jones and Kidd

Reversed and Remanded

Filed: May 17, 1995

Do Not Publish

1.   The final decree contains the following provisions that are either not included in the
original memorandum or do not specify the party to whom they would be awarded: (1)
that on October 1, 1992, Mr. Parham paid $750.00 interest to Mrs. Parham on real
property awarded to him; (2) that Mrs. Parham would be awarded a 1981 GMC van; (3)
that the cash in Mrs. Parham's possession would be awarded to her; and (4) that Mr.
Parham's retirement benefits are awarded to him.
2.   For example, the September 9, 1992 memorandum referred to "[a]ll property in his
possession" without stating which party was to be awarded that property. Nor did the
memorandum divide the household goods and personal effects of the parties, yet the
divorce decree purports to award such property. In addition, the memorandum recites
"$1500 cash for bldg. on his place payable $750/mo," without stating to which party this
award was made nor the date such payments were to begin. The decree of divorce signed
by the judge supplies these terms. Finally, the memorandum also refers to $2,200.00
from a tax refund without naming the party to whom this asset was awarded.