# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00470-CV

**S. E. T., Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 12-0476-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

It appears that S.E.T., Jr., is attempting to appeal from the trial court's denial of his petition for expunction, which the court's docket sheet indicates occurred on June 18, 2012. However, the record does not include a signed copy of an order or judgment reflecting final disposition of the case. On October 26, 2012, this Court sent counsel for S.E.T., Jr., a letter informing appellant that the clerk's record did not include a final judgment, directing appellant to obtain a final judgment from the trial court and ensure that it was filed in a supplemental clerk's record by November 9, and informing appellant that failure to do so would result in dismissal of the appeal for want of jurisdiction. This Court was informed by the clerk of the trial court that no final order has been submitted and therefore no supplemental record will be filed.

With exceptions not applicable here, an appeal may only be prosecuted from a final judgment. *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). The record in

this case does not include a signed copy of an order or judgment finally disposing of the case. The docket entry does not satisfy this requirement because docket entries are made only for the court's convenience and may be unreliable, and an appellate court may not consider them.[1] *State Farm Fire & Cas. Co. v. Reed*, 826 S.W.2d 659, 661 (Tex. App.—Houston [14th Dist.] 1992), *aff'd*, 873 S.W.2d 698 (Tex. 1993). We do not accept the trial court's docket entry here as a final judgment and, consequently, we dismiss the appeal for lack of jurisdiction. Tex. R. App. P. 42.3(a).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed:   December 7, 2012

---

[1] Docket entries may be considered in certain situations, none of which exists in the present case. *See Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986) (to determine whether court had authority to render judgment nunc pro tunc); *Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482, 484 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (to determine whether motion for new trial lost by clerk was filed); *Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 705 (Tex. App.—Houston [1st Dist.] 1986, no writ) (to determine clerical error in nunc pro tunc proceeding).

2