**Serge GRANT, Appellant,**

v.

**AMERICAN NATIONAL INSURANCE COMPANY, Appellee.**

**No. C14–90–0174–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 28, 1991.

Robert E. Bastien, Galveston, for appellant.

G. William Rider, Sharon Schroeder, Andrew J. Mytelka, Gage W. Martin, Galveston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

OPINION

SEARS, Justice.

Appealing from a dismissal for want of prosecution, Serge Grant brings thirty-three points of error. Because there is no final, appealable order of dismissal, we lack jurisdiction to consider this appeal.

Appellant filed suit against appellee on September 30, 1985. In May and in August 1986, appellant filed requests for a non-jury trial setting. On August 18, 1986, appellant filed a request for a jury trial setting for October, 1986. In October, appellant filed another request for a jury trial setting for November, 1986. In each request, appellant certified that the case was ready for trial. The trial court's docket sheet states that the case was continued by agreement on October 17, 1986. The record reveals no other activity until January, 1989 when the court notified appellant that the case was on the "drop docket" (listing cases subject to dismissal for want of prosecution).

Appellant filed a motion to retain on February 2, 1989, and the trial court held a hearing on this motion on February 20, 1989. On March 9, 1989, the trial court entered an order, prepared by appellant, granting appellant's motion as follows:

It is hereby ORDERED and DECREED that Plaintiff's Motion to Retain the above-styled and -numbered cause be

and it is hereby GRANTED and that this cause of action be and it is hereby retained on the docket of this Court for a period of six (6) months from this date on the express condition that this cause shall be either disposed of within such period of time, or if not completely disposed of, that this cause shall be in the process of substantial disposition within such period in order to be further retained.

On September 28, 1989, the trial judge made a docket entry under the heading "ORDERS OF COURT." This entry states "Cause dismissed for want of prosecution." Adjacent to the entry are the trial judge's initials, "EJH." The entry also contains a citation to the volume and page number of the court minute book. Appellant alleged that he received no notice of the dismissal until he discovered the docket entry on November 9, 1989. On November 22, 1989, appellant filed a motion to retain and reinstate. In this motion, appellant challenged the lack of a signed, written order dismissing the case and complained of the lack of written notice to appellant of the dismissal. Appellant also argued that some action on the case had been taken and that the lack of "substantial action" was unintentional and reasonably explained.

The court held a hearing on December 8, 1989. On January 22, 1990, the trial court entered an order denying the motion to retain and noted that its order of March 9, 1989 retained the case for six months with the condition that dispositive action occur to retain the case beyond the six month period. The court further noted that the six month period ended on September 8, 1989, and that appellant had not complied with the condition. Thus, the court stated that the case was dismissed on September 28, 1989. The court also concluded that the passage of time "presented a substantial impediment to the full and fair determination of the facts of the case" and that appellant had not proved the failure to prosecute the case was unintentional or due to accident or mistake.

On February 5, 1990, appellant filed a Motion for Reconsideration and Request for the Court to Exercise its Plenary Power under Rule 165a(3). On the same date, appellant filed a motion for findings under Rule 5(b) of Texas Rules of Appellate Procedure. On February 13, 1990, the trial court held a hearing on appellant's motion for reconsideration and denied it. On February 20, 1990, the court held a hearing on appellant's motion for findings under Tex. R.App.P. 5(b) and denied it. Appellant then tried to perfect his appeal.

In point of error twelve, appellant challenges the trial court's conclusion that the September 28, 1989 docket entry of dismissal constitutes a final judgment. Appellant claims that the docket entry is not a written, signed order and does not comply with Tex.R.Civ.P. 306a. Appellant further argues that a docket entry is insufficient to constitute a judgment of the court, citing *Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149 (Tex.App.—Dallas 1986, no writ), *Formby's KOA v. BHP Water Supply Corp.*, 730 S.W.2d 428 (Tex. App.—Dallas 1987, no writ), and *Fourticq v. Fannin Bank*, 461 S.W.2d 251 (Tex.Civ. App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.).

By its express language, Rule 306a does not "determine what constitutes rendition of a judgment or order for any other purpose." Tex.R.Civ.P. 306a(1). Rather, it sets out the time periods during which the trial court retains plenary power over a case after entry of judgment. Under Rule 306a(1), the date the judgment or order is signed marks the beginning of the time periods for a trial court's plenary power to entertain post-judgment motions and requests. Under Rule 306a(2), judges are directed "to use their best efforts" to reduce judgments or orders to writing, signed by the judge and dated.

In language similar to that in Rule 306a, Tex.R.App.P. 5 prescribes the beginning date for the time periods for filing an appeal. Under Rule 5(b)(1), the beginning date for the time period for filing an appeal bond is "the date a judgment or order is signed as shown of record...."

In the instant case, the trial court did not enter a written, signed order dismissing the

case on September 28, 1989, but instead simply noted the dismissal on the docket sheet. Thus, we must determine whether the docket entry is sufficient to constitute a signed order for purposes of TEX.R.CIV.P. 306a and TEX.R.APP.P. 5(b).

None of the cases cited by appellant are directly on point. In *Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149, 151 (Tex.App.—Dallas 1986, no writ), the appellant claimed that a docket entry indicated the trial court's agreement to accept appellant's amended answer. The appellate court disagreed, pronouncing that a docket entry is a memorandum made for the convenience of the trial court and clerk and does not form part of the record for appellate consideration. *Id.* (citing *Azopardi v. Hollebeke*, 428 S.W.2d 167, 168 (Tex.Civ.App.—Waco 1968, no writ) and *Restelle v. Williford*, 364 S.W.2d 444, 445 (Tex.Civ.App.—Beaumont 1963, writ ref'd n.r.e.)). Because *Energo* does not address the issue whether a docket entry constitutes a final judgment, we find it inapplicable to the instant case.

When presented with a docket entry and a subsequent written, signed judgment, the courts have held that judgment was rendered when the judge signed the written judgment. *See Formby's KOA v. BHP Water Supply Corp.*, 730 S.W.2d 428, 431 (Tex.App.—Dallas 1987, no writ); *Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482, 484 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Fourticq v. Fannin Bank*, 461 S.W.2d 251, 253 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.). In both *Formby's* and *Joachim*, the trial courts had made docket entries indicating approval of a settlement agreement. *See Formby's*, 730 S.W.2d at 429; *Joachim*, 704 S.W.2d at 483. Because one of the parties in each of these cases later repudiated the settlement agreement, the appellate courts were asked to determine wheth-

er the date of the docket entry, indicating approval of the settlement agreement, or the date of the subsequent signed judgment constituted the date of rendition of judgment. *Formby's*, 730 S.W.2d at 429; *Joachim*, 704 S.W.2d at 483. Unlike *Formby's* and *Joachim*, we have no subsequent signed, written judgment in this case.

In *Fourticq v. Fannin Bank*, 461 S.W.2d 251, 252–53 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.), a panel of this court addressed the issue of whether the date of a docket entry, noting dismissal of a case for want of prosecution, or the date of the subsequent signed order of dismissal constituted the date of rendition of judgment for purposes of Rules 306a and 329b.[1] This court held that judgment was rendered on October 31, the date indicated in the written judgment, and not the date of the docket entry. *Id.* at 253.

Thus, when presented with a choice between a docket entry and a subsequent signed judgment, the courts hold that rendition of judgment occurs on the date a judgment is signed. *See Formby's*, 730 S.W.2d at 431; *Joachim*, 704 S.W.2d at 484; *Fourticq*, 461 S.W.2d at 253. Although these cases do not address whether a docket entry with the trial judge's initials may constitute a signed judgment, the holdings in these cases are consistent with the purpose underlying Rule 306a. Prior to the enactment of the Rules of Appellate Procedure, the supreme court stated that the purpose of Rule 306a "is to fix a date certain from which appellate steps can be taken." *Burrell v. Cornelius*, 570 S.W.2d 382, 383 (Tex.1978). By using the date of the signing of a written order as the beginning point for calculating time periods within which to file post-judgment motions in the trial court, or to file an appeal bond in the appellate court, an easily identifiable

---

1. At the time *Fourticq* was decided, Rule 306a provided that the beginning date for determining the time periods for filing of post-judgment motions and for the filing an appeal was the date of "rendition of judgment." *See Fourticq*, 461 S.W.2d at 253. Similarly, Rule 329b provided that the trial court lost plenary power over a case after the expiration of thirty days from the

date judgment was rendered or motion for new trial was overruled. *See id.* On January 1, 1981, these rules were amended to eliminate the term "rendition of judgment" and to make these time periods run from the date the judgment or order is signed. *See* TEX.R.CIV.P. 306a, 329b, historical note (Vernon Supp.1991).

date is established for determining jurisdictional questions pursuant to TEX.R.CIV.P. 306a and TEX.R.APP.P. 5. To hold that a docket entry alone could constitute a final, appealable judgment would, in our opinion, defeat the purpose of these rules.

Consequently, we hold that the trial court's notation in the docket sheet does not constitute a signed order as contemplated by TEX.R.CIV.P. 306a(1) or TEX.R. APP.P. 5(b)(1). Absent a signed order dismissing the instant case, the trial court still retains jurisdiction. Therefore, we may not exercise appellate jurisdiction at this time. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985). Accordingly, this appeal is dismissed.

ROBERTSON, J., concurs in the result because a docket entry is simply not an appealable order. *Stark v. Miller,* 63 Tex. 164 (1885).