NO. 07-07-0274-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 28, 2007
_____

KENNETH HUTH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 7 OF BEXAR COUNTY;

NO. 714535; HONORABLE BILL WHITE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

In the absence of a signed final order disposing of appellant Kenneth Huth's petition for non-disclosure of criminal record brought under section 411.081 of the Texas Government Code, we dismiss his appeal for want of jurisdiction. Tex. Gov't Code Ann. § 411.081 (Vernon Supp. 2006).

On May 15, 2007, the trial court conducted a hearing of appellant's petition for non-disclosure. After hearing appellant's grounds, the court announced its decision denying the petition. Appellant then verbally requested findings of fact and conclusions of law

which the court dictated on the record before concluding the hearing. Appellant filed a notice of appeal on June 14, 2007.

The clerk's record does not contain a signed order disposing of appellant's petition for non-disclosure. We notified the parties of this omission by letter dated July 30, 2007, and abated the case until August 20, 2007. On August 10, 2007, the reporter filed a reporter's record of the court's May 15, 2007, hearing.[1] However, the clerk has not certified and filed a supplemental clerk's record containing a signed order disposing of appellant's petition for non-disclosure.

"The appellate timetable *does not* commence to run other than by a signed, written order, even when the signing of such an order is purely ministerial." *Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex. 1995) (emphasis in original); *see* Tex. R. App. P. 26.1. Absent a signed order disposing of appellant's petition, the trial court retains jurisdiction, preventing attachment of this court's appellate jurisdiction. *See Grant v. American Nat'l Ins. Co.*, 808 S.W.2d 181, 184 (Tex.App.–Houston [14th Dist.] 1991, no writ). We must therefore dismiss appellant's appeal.

We dismiss the appeal only because of the absence of a signed order disposing of appellant's petition. We express no opinion whether an order denying a petition for non-disclosure is an appealable order. *But see Rado v.State,* No. 05-06-00200-CV, 2007 WL

---

[1] According to the reporter's record the hearing of appellant's petition was June 15, 2007. This appears a typographical error since the docket sheet and notice of appeal designate May 15, 2007, the hearing date.

1829648, 2007 Tex. App. Lexis 4984, (Tex.App.–Dallas June 27, 2007, n.p.h.) (court dismissed appeal finding no statutory or constitutional basis for exercising its jurisdiction over appeal from order denying petition for non-disclosure brought under Tex. Gov't Code Ann. § 411.081).

This appeal is dismissed for want of jurisdiction.


James T. Campbell
Justice