NO. 07-07-0274-CV



IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 28, 2007


______________________________



KENNETH HUTH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW NO. 7 OF BEXAR COUNTY;



NO. 714535; HONORABLE BILL WHITE, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 In the absence of a signed final order disposing of appellant Kenneth Huth's petition
for non-disclosure of criminal record brought under section 411.081 of the Texas
Government Code, we dismiss his appeal for want of jurisdiction. Tex. Gov't Code Ann.
§ 411.081 (Vernon Supp. 2006). 

 On May 15, 2007, the trial court conducted a hearing of appellant's petition for non-disclosure. After hearing appellant's grounds, the court announced its decision denying
the petition. Appellant then verbally requested findings of fact and conclusions of law
which the court dictated on the record before concluding the hearing. Appellant filed a
notice of appeal on June 14, 2007. 

 The clerk's record does not contain a signed order disposing of appellant's petition
for non-disclosure. We notified the parties of this omission by letter dated July 30, 2007,
and abated the case until August 20, 2007. On August 10, 2007, the reporter filed a
reporter's record of the court's May 15, 2007, hearing. (1) However, the clerk has not certified
and filed a supplemental clerk's record containing a signed order disposing of appellant's
petition for non-disclosure.

 "The appellate timetable does not commence to run other than by a signed, written
order, even when the signing of such an order is purely ministerial." Farmer v. Ben E.
Keith Co., 907 S.W.2d 495, 496 (Tex. 1995) (emphasis in original); see Tex. R. App. P. 
26.1. Absent a signed order disposing of appellant's petition, the trial court retains
jurisdiction, preventing attachment of this court's appellate jurisdiction. See Grant v.
American Nat'l Ins. Co., 808 S.W.2d 181, 184 (Tex.App.-Houston [14th Dist.] 1991, no
writ). We must therefore dismiss appellant's appeal.

 We dismiss the appeal only because of the absence of a signed order disposing of
appellant's petition. We express no opinion whether an order denying a petition for non-disclosure is an appealable order. But see Rado v.State, No. 05-06-00200-CV, 2007 WL
1829648, 2007 Tex. App. Lexis 4984, (Tex.App.-Dallas June 27, 2007, n.p.h.) (court
dismissed appeal finding no statutory or constitutional basis for exercising its jurisdiction
over appeal from order denying petition for non-disclosure brought under Tex. Gov't Code
Ann. § 411.081).

 This appeal is dismissed for want of jurisdiction.


 James T. Campbell

 Justice


1. According to the reporter's record the hearing of appellant's petition was June 15,
2007. This appears a typographical error since the docket sheet and notice of appeal
designate May 15, 2007, the hearing date.



icle that the controlled substance was discovered. 

 Authority holds that as part of a traffic stop, an officer may 1) require the detainee
to identify himself and produce a valid driver's license and proof of insurance and 2) detain
the individual for a period of time reasonably sufficient to check for outstanding warrants. 
Kothe v. State, 152 S.W.3d 54, 63-64 (Tex. Crim. App. 2004); Strauss v. State, 121 S.W.3d
486, 491 (Tex. App.-Amarillo 2003, pet. ref'd). So too may he also ask the driver if he
possesses illegal contraband and solicit voluntary consent to search the vehicle once the
purpose of a traffic stop has been effectuated. Strauss v. State, 121 S.W.3d at 491; James
v. State, 102 S.W.3d 162, 172-73 (Tex. App.-Fort Worth 2003, pet. ref'd). Requesting
such consent is not an unlawful seizure, and neither probable cause nor reasonable
suspicion is required for the officer to ask. James v. State, 102 S.W.3d at 173. Nor must
the officer tell the individual that he is free to leave after the purpose of the stop is
completed. Vargas v. State, 18 S.W.3d 247, 252 n.1 (Tex. App.-Waco 2000, pet. ref'd). 


 As previously mentioned, once Trooper Rejino issued the warning and received the
report from the dispatcher, he solicited the consent to search. By then the purpose of the
stop had been effectuated; yet, only seconds had passed between the time consent was
requested and the purpose effectuated. This is not a situation wherein appellant was
detained for minutes or hours prior to broaching the matter of consent. In other words, the
effectuation of the stop and the request for consent were rather contemporaneous here. 
Thus, we view the situation as falling within the scope of James and Strauss and,
consequently, lawful. 

 As to the contention that his consent was involuntary, we note that to be of such ilk,
it must be the product of duress or coercion, express or implied. Reasor v. State, 12
S.W.3d 813, 817 (Tex. Crim. App. 2000). Moreover, the evidence of record here does not
lend itself to such a claim. First, the initial detention was quite lawful; so, it cannot be said
that appellant's acquiescence was part and parcel of illegal conduct on the part of the
trooper. Second, no evidence was presented at the suppression hearing that illustrated the
officer told appellant he had to consent or that if he did not consent he would be arrested
or otherwise detained. Nor is there evidence that the trooper implicitly or explicitly
threatened appellant verbally or through gesture. Indeed, but for conduct on the part of
appellant indicative of nervousness, the interaction between the two appeared routine for
a traffic stop. Finally, that the officer failed to inform appellant that he could exit the patrol
car and leave is alone insufficient criteria to illustrate coercion; again, an officer does not
have to tell the individual he may leave once the purpose of the stop is completed. Vargas
v. State, 18 S.W.3d at 252 n.1.

 In sum, the trial court did not abuse its discretion in overruling the motion to
suppress. Accordingly, we overrule each of appellant's issues and affirm the judgment of
the trial court.

 Brian Quinn 

 Chief Justice 

Publish.
1. Appellant does not separately brief his federal and state constitutional claims, and we will therefore
not separately address them. 
2. At another point, Rejino testified that he received the criminal history report prior to issuing the
warning. It was up to the trial court to resolve this inconsistency.