Dismissed as Moot and Memorandum Opinion filed August 12, 2008








Dismissed as
Moot and Memorandum Opinion
filed August 12, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00085-CV

____________

 

PIRATE=S LAKE, LTD., Appellant

 

V.

 

VESTIN REALTY MORTGAGE I, INC.,
VESTIN REALTY MORTGAGE II, INC., VESTIN FUND III, L.L.C., AND VESTIN MORTGAGE, INC., Appellees

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause No. 08-CV-0006

 



 

M E M O R A N D U M   O P I N I O N








Appellant Pirate=s Lake, Ltd.,
appeals from the trial court=s order granting the application of
appellees Vestin Realty Mortgage I, Inc., Vestin Realty Mortgage II, Inc.,
Vestin Fund III, L.L.C., and Vestin Mortgage, Inc. (collectively AVestin@) to appoint a
receiver.  Pirate=s Lake contends that the trial court erred
in appointing a receiver because (1) the receiver was appointed ex parte and
without sufficient notice; and (2) there were no contractual, statutory, or
equitable bases for the appointment of a receiver.  Because the real property
that was the sole subject of the receivership was sold by foreclosure sale
after Pirate=s Lake perfected its appeal, we dismiss this appeal as
moot.

Factual
and Procedural Background

On June 23, 2006, Pirate=s Lake executed a
$10,000,000 promissory note payable to Vestin (Athe Note@).  The Note was
secured by a deed of trust (Athe Deed@) covering a
parcel of real property located in Galveston County, Texas (Athe Property@).

The Note required Pirate=s Lake to make
monthly payments of interest and stated that if interest payments were not
timely made, Vestin could accelerate the Note, collect the unpaid principal
with all accrued interest, and charge default interest until the default is
cured.  The Note and the Deed further specified that placing a second lien on
the Property without Vestin=s consent constituted an event of default,
for which Vestin could accelerate the Note and Apursue any rights
or remedies it may have hereunder or at law, or in
equity . . . .@  The Deed further
granted Vestin a power of sale over the Property in the event of default. 

The Deed also empowered Vestin to seek the appointment of a
receiver:

22.     Other
Available Remedies.  If any of the indebtedness hereby secured shall
become due and payable, [Vestin] shall have the right and power, in addition to
and without limiting any other rights or remedies contained herein, to proceed
by a suit or suits in equity or at law, whether for the specific performance or
any covenant or agreement herein contained, in aid of the execution of any
power herein granted, for any foreclosure hereunder or for the sale of [the
Property] under the order of a court or courts of competent jurisdiction, under
executory or other legal process, or for the enforcement of any other
appropriate legal or equitable remedy.








According to Vestin, Pirate=s Lake never made
a payment on the loan, and never made any attempt to satisfy the Note.  In
addition, Vestin alleged that Pirate=s Lake placed a
second lien on the Property.  Consequently, Vestin accelerated the Note and
sought appointment of a receiver to take possession of and sell the Property.

On January 4, 2008, the trial court granted Vestin=s AEx Parte
Application For Appointment of a Receiver.@  In its order,
the trial court empowered the receiver to (1) take possession of the Property;
(2) market the Property for sale, and retain a real estate broker for such
purpose; (3) retain surveyors and title companies, and conduct environmental
assessments and/or other engineering and studies, in connection with the
marketing and sale of the Property; (4) employ and pay property managers,
accountants, and other professionals as the receiver deems appropriate; (5) pay
the operating expenses of the Property; and (6) make an accounting of all rents
and revenues collected and all expenses paid, and pay to Vestin all remaining
receipts.

Pirate=s Lake then filed its notice of
accelerated appeal.  On February 5, 2008, the Property was sold by foreclosure
sale at the Galveston County Courthouse.  Vestin then filed a motion to
terminate the receivership and discharge the receiver.  The trial court never
acted on Vestin=s motion.

Issues
on Appeal

In two issues, Pirate=s Lake contends
that the trial court erred in appointing a receiver to take possession of and
sell the Property.  In its first issue, Pirate=s Lake argues that
it was not given the minimum three-day notice of the hearing on Vestin=s application for
appointment of a receiver, as required by Rule 695 of the Texas Rules of Civil
Procedure.  In its second issue, Pirate=s Lake asserts
that there were no contractual, statutory, or equitable bases for the
appointment of a receiver.

We conclude that, because the Property was sold at a
foreclosure sale after Pirate=s Lake perfected its appeal, Pirate=s Lake=s appeal is moot.








Analysis

I.        The
Mootness Doctrine

Neither the Texas Constitution nor the Texas Legislature
has vested this Court with the authority to render advisory opinions. See Tex.
Const. art. II, _ I; see also Camarena v. Tex. Employment Comm=n, 754 S.W.2d 149,
151 (Tex. 1988).  The mootness doctrine limits courts to deciding cases in
which an actual controversy exists between the parties. Fed. Deposit Ins.
Corp. v. Nueces County, 886 S.W.2d 766, 767 (Tex. 1994).  When there ceases
to be a controversy between the litigating parties due to events occurring
after the trial court has rendered judgment, the decision of an appellate court
would be a mere academic exercise, and the court may not decide the appeal.
See Olson v. Comm=n for Lawyer Discipline, 901 S.W.2d 520,
522 (Tex. App.CEl Paso 1995, no writ).  Stated differently, if a
judgment cannot have a practical effect on an existing controversy, the case is
moot. Id.  In that situation, the appellate court is required to vacate
the judgment of the trial court and dismiss the underlying cause of action.
See Speer v. Presbyterian Children=s Home & Serv.
Agency, 847 S.W.2d 227, 228 (Tex. 1993); see also Gen. Land Office v. OXY
U.S.A., Inc., 789 S.W.2d 569, 570 (Tex. 1990) (if no controversy continues
to exist between the parties, the appeal is moot and the court of appeals must
dismiss the cause); Guajardo v. Alamo Lumber Co., 159 Tex. 225, 317
S.W.2d 725, 726 (1958) (when a case becomes moot on appeal, all previous orders
are set aside by the appellate court, and the case is dismissed).[1]








When a trial court appoints a receiver to sell real
property, and the real property is sold after the appellant has perfected its
appeal, the appeal of the appointment of the receiver becomes moot. See
Beard v. Beard, 49 S.W.3d 40, 71B72 (Tex. App.CWaco 2001, pet.
denied) (concluding that appeal of appointment of receiver was moot when real
property that was sole subject of receivership had been foreclosed upon after
appellant perfected her appeal).  Therefore, we will examine the record to
determine whether the PropertyCthe sole subject of the receivershipCwas sold after
Pirate=s Lake perfected
its appeal, thereby rendering its appeal moot.

II.       The Sale
of the Property Renders This Appeal Moot

The record is clear that the Property was sold by
foreclosure sale after Pirate=s Lake perfected its appeal.  The receiver
was appointed only to take possession of, manage, and sell the Property.  When
the Property was later sold by foreclosure sale conducted under terms of the
Deed, Pirate=s Lake=s appeal of the trial court=s appointment of
the receiver became moot. See id.

Pirate=s Lake argues that its appeal is not moot
because (1) an actual controversy remains between the parties that requires a
determination by this Court; and (2) no order has been signed by the trial
court terminating the receivership.  These arguments are without merit.








With respect to the first ground, Pirate=s Lake asserts
that, without a determination by this Court regarding the appointment of the
receiver, it may be unable to prove the second element of a tortious
interference claim that it asserted in the trial court.[2] 
However, even if we were to conclude that the trial court abused its
discretion in appointing a receiver, this conclusion does nothing to support
Pirate=s Lake=s claim that Vestin
committed a tortious or unlawful act in seeking the receivership.[3] 
As Vestin correctly notes, this Court=s ruling on any
alleged error committed by the trial court in appointing the receiver would
have no bearing on whether Vestin=s act in seeking
the receivership satisfies the second element of a tortious interference
claim.  Thus, even if we were to reach the merits of Pirate=s Lake=s appeal, our
ruling would have no practical effect on an existing controversy between the
parties.[4]
See Olson, 901 S.W.2d at 522.

With respect to the second ground, an order terminating a
receivership is not expressly required to render the appeal of the appointment
of a receiver moot. See Beard, 49 S.W.3d at 71B72 (appeal of
appointment of receiver was moot without order terminating receivership). 
Rather, all that is required is that a judgment A[not] have a
practical effect on an existing controversy@ between the
parties. See Olson, 901 S.W.2d at 522.  Pirate=s Lake cites us to
no authority to the contrary.[5]








Conclusion

Therefore, because the Property was sold by foreclosure
sale after Pirate=s Lake perfected its appeal, Pirate=s Lake=s appeal is moot. 
Accordingly, without reference to the merits, we vacate the trial court=s order appointing
a receiver to take possession of and sell the Property, and dismiss the
underlying cause of action and this appeal.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 12, 2008.

Panel consists of
Chief Justice Hedges, Justice Boyce, and Senior Justice Price.**

 

 

 

 

 

 

 

 









[1]  The Texas Supreme Court has recognized two
exceptions to the mootness doctrine, neither of which apply here: (1) the Acapable of repetition yet evading review exception@; and (2) the Acollateral
consequences exception.@ See Gen. Land Office, 789 S.W.2d at 571. The
former applies where the challenged act is of such short duration that the appellant
cannot obtain review before the issue becomes moot. Id.  This exception
has been used only to challenge unconstitutional acts performed by the
government. Id.  The latter is invoked only under narrow circumstances,
when vacating the underlying judgment will not cure the adverse consequences
suffered by the party seeking to appeal that judgment. Marshall v. Hous.
Auth. of San Antonio, 198 S.W.3d 782, 789 (Tex. 2006).  In order to invoke
the collateral consequences exception, Pirate=s Lake must show (1) a concrete disadvantage resulted from the
judgment; and (2) the disadvantage will persist even if the judgment is vacated
and the case dismissed as moot. Id.  Pirate=s Lake does not contend that either exception applies
to the present appeal.





[2]  According to Pirate=s Lake, it asserted a counterclaim in the trial court for Atortious interference with a prospective contract.@  This counterclaim is not part of the record on
appeal.





[3]  The elements of a claim for tortious interference
with a prospective business relationship are (1) a reasonable probability that
the plaintiff would have entered into a business relationship; (2) an
independently tortious or unlawful act by the defendant that prevented the
relationship from occurring; (3) the defendant did such act with a conscious
desire to prevent the relationship from occurring or the defendant knew the
interference was certain or substantially certain to occur as a result of the
conduct; and (4) the plaintiff suffered actual harm or damages as a result of
the defendant=s interference. Baty v. ProTech Ins. Agency, 63
S.W.3d 841, 860 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).





[4]  Furthermore, to the extent that this argument can be construed as an
attempt to invoke the collateral consequences exception to the mootness
doctrine, we have already explained that Pirate=s Lake has failed to demonstrate that (1) a concrete
disadvantage resulted from the trial court=s judgment; or (2) it will continue to suffer any adverse
consequences if the judgment below is vacated and the cause dismissed as moot. See
Marshall, 198 S.W.3d at 789.  In fact, our vacating the order appointing
the receiver and dismissing the underlying cause of action as moot would have
no effect on Pirate=s Lake=s ability to pursue and succeed on
its tortious interference claim in the trial court.





[5] In its brief, Pirate=s Lake cites Grant v. Am. Nat=l Ins. Co.,
808 S.W.2d 181, 184 (Tex. App.CHouston [14th
Dist.] 1991, no writ), to support its assertion that, A[a]bsent a signed order, the trial court retains
jurisdiction over a disputed issue, and dismissal of the appeal is premature.@  However, Grant addresses whether the court of appeals may exercise
appellate jurisdiction in the first instance in the absence of a signed,
appealable order from the trial court. See id. at 183 (AThus, we must determine whether the
docket entry is sufficient to constitute a signed order for purposes of Tex. R. Civ. P. 306a and Tex. R. App. P. 5(b).@).  Grant does not address
the question of whether an appeal can be dismissed on mootness grounds in the
absence of an order on a motion filed after the appellant has perfected its
appeal.  Therefore, Grant is
inapposite.





*  Senior Justice Frank C. Price sitting by assignment.