NO. 07-11-00046-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
28, 2011

 



 

IN THE INTEREST OF D. C., JR.



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2002-517,897; HONORABLE JOHN J. MCCLENDON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

This is the attempted appeal of
matters arising in a family law case. 
D.C., Sr. (the father), an inmate appearing pro se, filed in this court a handwritten document complaining of
the trial court’s January 20, 2011, oral rulings on certain motions and its
vacation of a prior order referring the case to a “mediation hearing.”[1]  

            On
our own motion, we questioned our jurisdiction and by letter offered the father
an opportunity to file documents or matters he considered necessary to our
jurisdictional determination.  The father
filed a response on February 17, consisting of a factual narrative, a letter in
which he states he intended his original filing to be a notice of appeal and a
copy of a pleading submitted to the clerk of the trial court on February 9,
2011.  In the latter document, the father
indicates he takes exception with three rulings of the trial court: (1) the
denial of a “mediation hearing”; (2) the denial of a motion to modify
(apparently the portion of a decree in a suit affecting parent-child
relationship concerning access to a child); and (3) the denial of a motion to
enforce a divorce decree (in an unspecified manner).

            An
appeal generally may be taken only from a final judgment.  See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001) (stating rule).  “[W]hen
there has not been a conventional trial on the merits, an order or judgment is
not final for purposes of appeal unless it actually disposes of every pending
claim and party or unless it clearly and unequivocally states that it finally
disposes of all claims and all parties. 
An order that adjudicates only the plaintiff’s claims against the
defendant does not adjudicate a counterclaim, cross-claim, or third party
claim, nor does an order adjudicating claims like the latter dispose of the
plaintiff’s claims.”  Id. at 205.  If the judgment or order in question is not
final, it is interlocutory.  Appeal can
be taken from interlocutory orders only when authorized by statute.  Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); see, e.g., Tex. Civ. Prac.
& Rem. Code § 51.014 (West 2008).  We have no appellate jurisdiction to review
an interlocutory order granting or denying referral of a matter to
mediation.  See Banc of America Investment Services, Inc. v. Lancaster, No.
02-04-0223-CV, 2004 Tex. App. Lexis 7577, at *1-*2 (Tex.App.--Fort
Worth Aug. 4, 2004, no pet.) (per curiam,
mem. op.) (dismissing for
want of jurisdiction attempted interlocutory appeal of order referring case to
mediation).

            In
a suit to modify support or conservatorship, a modification order is final and
appealable.  See Bilyeu v. Bilyeu,
86 S.W.3d 278, 282 (Tex.App.--Austin
2002, no pet.) (noting legislature has designated such
action a “new suit”); Normand v. Fox,
940 S.W.2d 401, 403, 403 n.3 (Tex.App.--Waco 1997, no
writ).  However, on this court’s inquiry,
the clerk of the trial court has advised us that the trial court has not filed
an order in the father’s case since January 1, 2011.  The father’s original filing in this court
indicates he is appealing rulings reported to him by the trial court in a
telephone conference. Absent a signed written order disposing of all issues and
all parties, the trial court retains jurisdiction, preventing attachment of
this court’s appellate jurisdiction.  Grant v. American Nat’l Ins.
Co., 808 S.W.2d 181, 184 (Tex.App.--Houston [14th
Dist.] 1991, no writ).  Under the
circumstances reflected in the documents before us, in the absence of a signed
written order of the trial court, we have nothing to review.  See
Farmer v. Ben E. Keith Co., 907
S.W.2d 495, 496 (Tex. 1995) (“The appellate timetable does not commence to run other than by a signed, written order,
even when the signing of such an order is purely ministerial”) (emphasis in
original); Tex. R. App. P. 26.1.  

            Because
an interlocutory order denying referral of a case to mediation is not immediately
appealable, and because it appears the trial court has issued no signed written
orders containing any of the rulings the father seeks to appeal, we have no
jurisdiction to consider his attempted appeal. 
Accordingly, we dismiss the appeal for want of appellate
jurisdiction.  Tex. R.
App. P. 42.3(a).

Per Curiam

 











[1]  Based on a
factual narrative filed by the father in this case, and our prior disposition
of In re D.C., Jr., No.
07-09-0320-CV, 2010 Tex. App. Lexis 7825 (Tex.App.--Amarillo
Sept. 23, 2010, no pet.) (mem. op.), it appears the
father’s base issue concerns the parent-child relationship between him and his
son, D.C., Jr.








ine-height:200%'>Standard of Review

            We
review a trial court’s decision to admit or exclude evidence for abuse of
discretion.  Shuffield
v. State, 189 S.W.3d 782, 793 (Tex.Crim.App.
2006).  A trial court does not
abuse its discretion if its decision is within the zone of reasonable
disagreement. Walters v. State, 247 S.W.3d 204, 217 (Tex.Crim.App. 2007); Montgomery v. State, 810 S.W.2d
372, 391 (Tex.Crim.App. 1991) (op. on reh’g).  We
will sustain the trial court’s decision if that decision is correct on any
theory of law applicable to the case.  Romero v. State, 800 S.W.2d 539, 543 (Tex.Crim.App.
1990).

Analysis

            Initially,
the trial court ruled that the evidence was admissible under Rule 609 to
impeach appellant.  Prior to admission of
the evidence, however, the trial court held another hearing outside the
presence of the jury so as to further develop the issues surrounding the
prejudicial effect and probative value under Rules 403 and 404.  At this second hearing, the trial court again
expressed concern regarding the potential prejudice that evidence of an assault
against a female could carry with it.  It
did conclude, however, that the evidence was relevant to show intent and to
rebut appellant’s claim of self-defense. 
Consequently, after careful consideration, the trial court opted to
lessen that potential by excluding evidence of the gender of the victim and
details of the assault and, instead, permitted the State to introduce only
evidence of the date and type of offense. 
Consistent with its ruling that the evidence would be admitted for the
purposes of rebutting appellant’s self-defense theory and illuminating the
issue of intent, the trial court included an instruction in its charge to the
jury that evidence of other crimes could only be considered, if considered at
all, “for the purpose of determining motive, opportunity, intent, preparation,
plan, knowledge, identity, or absence of mistake or accident.”  Such purposes are consistent with admission
on the basis of Rule 404(b), and, with that, we look first to appellant’s
second and third issues concerning the probative value and prejudicial effect
of the evidence and the tendency such evidence had in terms of establishing
appellant’s propensity and character conformity.

Rule 404(b)

            Rule
404 provides that “[e]vidence of other crimes, wrongs
or acts is not admissible to prove the character of a person in order to show
action in conformity therewith.”  Tex. R. Evid.
404(b). 
Evidence of extraneous misconduct may be admissible, however, when such
evidence is relevant to a non-character-conformity fact of consequence in a
case, such as establishing motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident. Id.; Berry v.
State, 233 S.W.3d 847, 858 (Tex.Crim.App. 2007); Robbins
v. State, 88 S.W.3d 256, 259 (Tex.Crim.App.
2002).  Further, although not
specifically delineated in Rule 404(b), extraneous offense evidence may also be
admissible when a defendant asserts an affirmative defense, such as
self-defense.  See Johnston v.
State, 145 S.W.3d 215, 219 (Tex.Crim.App. 2004); Robbins,
88 S.W.3d at 259.

            Here,
appellant admits having shoved Kay a number of times and acknowledges that she
fell to the ground as a result of having been shoved.  Appellant explained that, as he left the
house with the daughter, Kay and Duvak were “clawing
at [his] collar.”  He added that Kay
slapped him twice as he tried to get into his vehicle.  He testified that he shoved Kay only in an
effort to protect himself and to allow him to close the door and get away from
her.  Appellant clearly asserted
self-defense as a defense to the charges against him.  With that, the complained-of evidence had a
purpose apart from character conformity: it was relevant to rebut appellant’s
self-defense theory.  See Tex. R. Evid.
404(b); Johnston, 145 S.W.3d at 219.

            Because
it is well-established that the State was permitted to rebut appellant’s claim
of self-defense with evidence of other crimes, wrongs, or acts, or evidence of
violent acts in which appellant was the aggressor, we cannot say that the trial
court abused its discretion by admitting evidence of the prior assault
conviction for such purposes.  See
Lemmons v. State, 75 S.W.3d 513, 522–23
(Tex.App.—San Antonio 2002, pet. ref’d)
(holding that extraneous offense evidence offered by the State to show murder
defendant was aggressor in the past was relevant to rebut his self-defense
claim).  We overrule appellant’s issue.

Rule 403

            Appellant
further contends that the evidence should have been excluded under Rule
403.  See Tex. R. Evid. 403.  Although admissible under Rule 404(b), the
same evidence may be inadmissible under Rule 403 if the probative value of such
evidence is substantially outweighed by unfair prejudice.  Prince v. State, 192 S.W.3d 49, 56 (Tex.App.—Houston [14th Dist.] 2006, pet. ref’d). The following factors are taken into consideration
when undertaking a Rule 403 analysis: (1) the inherent probative force of the
proffered evidence; (2) the proponent’s need for that evidence; (3) any
tendency of the evidence to suggest decision on an improper basis; (4) any
tendency of the evidence to confuse or distract the jury from the main issues;
(5) any tendency of the evidence to be given undue weight by a jury that has
not been equipped to evaluate the probative force of the evidence; and (6) the
likelihood that presentation of the evidence will consume an inordinate amount
of time or merely repeat evidence already admitted.  Gigliobianco v. State, 210 S.W.3d 637, 641–42 (Tex.Crim.App.
2006).  Rule 403 favors admission
of relevant evidence, and we presume that relevant evidence will be more
probative than prejudicial.  Shuffield,
189 S.W.3d at 787.

            Here,
whether appellant acted in self-defense was a pivotal issue at trial, perhaps
the only issue, since appellant admitted having committed the acts alleged but
claimed to have done so in self-defense. 
So, the extraneous-offense evidence was probative, and the State had
considerable need for this evidence in that it had little other evidence to
rebut appellant’s self-defense claim.[5]  See Giglioblanco,
210 S.W.3d at 641–42. 
In light of the parties’ positions at trial, the evidence of the prior
assault conviction was quite probative.

            By
that same reasoning, the evidence was also prejudicial to appellant.  However, to say that the evidence was
prejudicial is not to say that the evidence was inadmissible.  See Casey v. State, 215 S.W.3d 870, 883 (Tex.Crim.App.
2007).  Simply because the evidence was
prejudicial does not mean that its probative value was substantially outweighed
by “unfair prejudice” under Rule 403. 
The Texas Court of Criminal Appeals has explained the meaning of “unfair
prejudice” under Rule 403:

Unfair prejudice refers not to an adverse or detrimental effect of
evidence but to an undue tendency to suggest a decision on an improper basis,
commonly an emotional one.  Unfair
prejudice does not arise from the mere fact that evidence injures a party’s
case.  Virtually all evidence that a
party offers will be prejudicial to the opponent’s case, or the party would not
offer it.  Evidence is unfairly
prejudicial only when it tends to have some adverse effect upon a defendant
beyond tending to prove the fact or issue that justifies its admission into
evidence.  The prejudicial effect may be
created by the tendency of the evidence to prove some adverse fact not properly
in issue or unfairly to excite emotions against the defendant.

Id. (Citations omitted).  Further, we add that the trial court gave the
jury a limiting instruction that directed the jury to consider the evidence
only for permissible purposes, not to show that appellant acted in conformity
with such evidence.  See Garcia
v. State, 201 S.W.3d 695, 704 (Tex.Crim.App.
2006).  Unless the record establishes
otherwise, we presume that the jury followed the trial court’s
instruction.  See Colburn v.
State, 966 S.W.2d 511, 520 (Tex.Crim.App.
1998).

            The trial court carefully considered the issues
surrounding admission of evidence related to the prior assault conviction and
concluded that the State could mention only the date and nature of the
conviction.  The trial court specifically
prohibited the State from mentioning the gender of the victim or any other
details surrounding the offense.  The
State’s presentation of the evidence consumed three lines of the record.  Further, as stated, the State’s need for this
evidence was rather pressing because there was little other evidence that could
serve to rebut appellant’s theory of self-defense.  Based on these considerations, we cannot say
that presentation of this evidence was likely to consume an inordinate amount
of time or merely repeat evidence already admitted. 

            The
trial court could have reasonably concluded that the evidence was not unfairly
prejudicial and did not have a tendency to suggest a decision on an improper
basis or to confuse or mislead the jury. 
Considering the relevant factors, we conclude that the trial court did
not abuse its discretion by admitting evidence of the prior assault conviction
over appellant’s Rule 403 objection.  We
overrule appellant’s second issue.

Rule 609

            By
his remaining issue, appellant maintains that the trial court abused its
discretion by concluding that the prior assault was a crime of moral turpitude
and was, thus, available as impeachment evidence under Rule 609.  With respect to impeaching the credibility of
witnesses by introduction of evidence of convictions involving moral turpitude,
Rule 609 provides as follows:

For the purpose of attacking the credibility of a witness, evidence
that the witness has been convicted of a crime shall be admitted if elicited
from the witness or established by public record but only if the crime was a
felony or involved moral turpitude, regardless of punishment, and the court
determines that the probative value of admitting this evidence outweighs its
prejudicial effect to a party.

Tex.
R. Evid. 609(a).  Appellant contends that, because the female
victim of the prior assault was not his wife, such conviction did not involve a
crime of moral turpitude and, therefore, was unavailable to impeach him under
Rule 609.

            Because
we have concluded that the evidence was admissible under Rules 403 and 404(b),
we need not determine whether the evidence was also admissible under Rule
609.  See Romero, 800
S.W.2d at 543; see also Tex. R.
App. P. 47.1.

Conclusion

            Having
overruled appellant’s issues, we affirm the trial court’s judgment.

 

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.  











[1]John T. Boyd, Chief Justice (Ret.),
Seventh Court of Appeals, sitting by assignment.  





[2] Tex.
Penal Code Ann. § 22.04(a)(3), (f) (West Supp.
2010).  An elderly person is defined as a
person sixty-five years of age or older. 
See id. § 22.04(c)(2).

 





[3]
It appears appellant and Duvak had no formal custody order in place.





[4]
All subsequent references to
“Rule” or “Rules” refer to the Texas Rules of Evidence.





[5]
Arguably, however, it did have
some other evidence that could be said to rebut appellant’s theory of
self-defense.  For instance, the jury did
hear some evidence referring to Forrest’s understanding that a protective order
was in effect against appellant.  The
jury also heard conflicting evidence on whether appellant first hit Duvak as he grabbed the daughter and left the house.  Further, one neighbor who witnessed the
incident testified that another neighbor had restrained appellant to some
degree when Kay came out and began to yell at him and, apparently, spit on or
toward him.  In response, appellant broke
free and shoved Kay.