NO. 07-11-00046-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2011

---

IN THE INTEREST OF D. C., JR.

---

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-517,897; HONORABLE JOHN J. MCCLENDON, JUDGE

---

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

This is the attempted appeal of matters arising in a family law case. D.C., Sr. (the father), an inmate appearing *pro se*, filed in this court a handwritten document complaining of the trial court's January 20, 2011, oral rulings on certain motions and its vacation of a prior order referring the case to a "mediation hearing."[1]

On our own motion, we questioned our jurisdiction and by letter offered the father an opportunity to file documents or matters he considered necessary to our jurisdictional determination. The father filed a response on February 17, consisting of a factual

---

[1] Based on a factual narrative filed by the father in this case, and our prior disposition of *In re D.C., Jr.,* No. 07-09-0320-CV, 2010 Tex. App. Lexis 7825 (Tex.App.- -Amarillo Sept. 23, 2010, no pet.) (mem. op.), it appears the father's base issue concerns the parent-child relationship between him and his son, D.C., Jr.

narrative, a letter in which he states he intended his original filing to be a notice of appeal and a copy of a pleading submitted to the clerk of the trial court on February 9, 2011. In the latter document, the father indicates he takes exception with three rulings of the trial court: (1) the denial of a "mediation hearing"; (2) the denial of a motion to modify (apparently the portion of a decree in a suit affecting parent-child relationship concerning access to a child); and (3) the denial of a motion to enforce a divorce decree (in an unspecified manner).

An appeal generally may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) (stating rule). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim, nor does an order adjudicating claims like the latter dispose of the plaintiff's claims." *Id.* at 205. If the judgment or order in question is not final, it is interlocutory. Appeal can be taken from interlocutory orders only when authorized by statute. *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex. 1992); *see, e.g.,* Tex. Civ. Prac. & Rem. Code § 51.014 (West 2008). We have no appellate jurisdiction to review an interlocutory order granting or denying referral of a matter to mediation. *See Banc of America Investment Services, Inc. v. Lancaster,* No. 02-04-0223-CV, 2004 Tex. App. Lexis 7577, at *1-*2 (Tex.App.--Fort Worth Aug. 4, 2004, no pet.) (per curiam, mem. op.) (dismissing for want of jurisdiction attempted interlocutory appeal of order referring case to mediation).

In a suit to modify support or conservatorship, a modification order is final and appealable. *See Bilyeu v. Bilyeu,* 86 S.W.3d 278, 282 (Tex.App.--Austin 2002, no pet.) (noting legislature has designated such action a "new suit"); *Normand v. Fox,* 940 S.W.2d 401, 403, 403 n.3 (Tex.App.--Waco 1997, no writ). However, on this court's inquiry, the clerk of the trial court has advised us that the trial court has not filed an order in the father's case since January 1, 2011. The father's original filing in this court indicates he is appealing rulings reported to him by the trial court in a telephone conference. Absent a signed written order disposing of all issues and all parties, the trial court retains jurisdiction, preventing attachment of this court's appellate jurisdiction. *Grant v. American Nat'l Ins. Co.,* 808 S.W.2d 181, 184 (Tex.App.--Houston [14th Dist.] 1991, no writ). Under the circumstances reflected in the documents before us, in the absence of a signed written order of the trial court, we have nothing to review. *See Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex. 1995) ("The appellate timetable *does not* commence to run other than by a signed, written order, even when the signing of such an order is purely ministerial") (emphasis in original); Tex. R. App. P. 26.1.

Because an interlocutory order denying referral of a case to mediation is not immediately appealable, and because it appears the trial court has issued no signed written orders containing any of the rulings the father seeks to appeal, we have no jurisdiction to consider his attempted appeal. Accordingly, we dismiss the appeal for want of appellate jurisdiction. Tex. R. App. P. 42.3(a).

Per Curiam

3