

# Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00215-CV

**IN RE** Gabriela Basurto **MARTINEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
            Patricia O. Alvarez, Justice
            Jason Pulliam, Justice

Delivered and Filed:  July 1, 2015

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On April 10, 2015, relator Gabriela Basurto Martinez filed a petition for writ of mandamus complaining of the trial court's order stating it had lost plenary power to consider relator's motion to reinstate the underlying case for breach of contract and wrongful foreclosure. Because it appears no written order of dismissal was ever signed by the trial court, the trial court's determination that it was without plenary power constitutes an abuse of discretion for which Martinez would have no adequate remedy by appeal. Accordingly, we conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 2014CVF001593 D3, styled *Gabriela Basurto Martinez, Individually and as Representative of the Estate of Jose Basurto Martinez v. M&T Bank; M&T Mortgage Corporation; Federal Home Loan Mortgage Corporation; and County of Webb*, pending in the 341st Judicial District Court, Webb County, Texas, the Honorable Rebecca Ramirez Palomo presiding.

**BACKGROUND**

Relator originally filed the underlying suit in August 2014. The trial court entered an ex parte temporary restraining order on August 5, 2014, to prevent foreclosure of the subject real property. After the initial ex parte order, which temporarily prohibited specific conduct by the defendants and set a hearing on Martinez's application for temporary injunction, the trial court entered at least four separate orders extending the temporary restraining order and re-setting the hearing. The final extension order set the injunction application for hearing on December 1, 2014.

The docket sheet reflects that the case was called on December 1, no parties were present, and the judge dismissed the case. On February 10, 2015, Martinez filed a "Motion for New Trial and/or Motion to Reinstate." One month later Martinez filed a first amended petition with a second application for injunctive relief. The trial court again entered an ex parte temporary restraining order on March 27, setting a hearing on Martinez's second application for April 8, 2015.

The hearing on April 8 was to consider Martinez's motions for new trial and to reinstate, and a motion to extend the temporary restraining order on the second application. The trial court deferred any ruling on the motions, requesting additional briefing from counsel. The trial court then signed a written order on April 9, stating:

> On the 9th day of April, 2015, came before the Court, the Motion for New Trial and/or Reinstate filed by the Plaintiffs on February 10, 2015 requesting the rendering of the dismissal of December 1, 2014 be set aside.
> The Court has lost plenary power to consider and rule on said motion.

Martinez filed this petition for writ of mandamus complaining of the trial court's determination that it was without plenary power to consider and rule on the motion to reinstate. On April 14, 2015, we requested a response to the petition for writ of mandamus. No response has been filed on behalf of the trial court or the real parties in interest.

**ANALYSIS**

A motion to reinstate a case following involuntary dismissal "shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a." TEX. R. CIV. P. 165a. Rule 306a provides as follows:

> The date of judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power . . . and for filing in the trial court the various documents that these rules authorize a party to file within such periods . . . .

TEX. R. CIV. P. 306a(3). The rule further requires the clerk of the court to give the parties immediate notice of a judgment or other appealable order signed by the trial court. *Id*. The date the judgment or final order disposing of a case is signed starts the deadlines for filing post-judgment motions and perfecting an appeal. TEX. R. CIV. P. 306a(1); *see In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997). The period of the trial court's plenary power to change its judgment also runs from the date a final judgment is signed. *See* TEX. R. CIV. P. 329b(d).

Martinez asserts in this original proceeding that the trial court orally dismissed the case in December 2014, and no written order of dismissal was ever signed. The trial court's docket sheet contains the notation "case dismissed," but also does not reflect the signing or entry of a formal written order of dismissal. A docket entry cannot take the place of a written order or judgment. *Smith v. McCorkle*, 895 S.W.2d 692, 692 (Tex. 1995); *Grant v. Am. Nat'l Ins*., 808 S.W.2d 181, 184 (Tex. App.—Houston [14th Dist.] 1991, no writ) (docket notation dismissing case not appealable order).

Because it does not appear from the record in this mandamus proceeding that a written order of dismissal was ever signed by the trial court, the period of the trial court's plenary power, and other deadlines, including the deadline to perfect an appeal and the deadline to file a motion to reinstate, have not yet begun to run. *Grant*, 808 S.W.2d at 184. "Absent a signed order

dismissing the instant case, the trial court still retains jurisdiction." *Id*. Accordingly, the trial court's April 9 order stating it lacked plenary power to consider and rule on a pending motion is an error constituting an abuse of discretion. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (clear failure to correctly analyze or apply the law constitutes an abuse of discretion subject to mandamus review).

Mandamus will issue "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). Because the trial court has not yet signed a final judgment or other appealable order, we conclude Martinez has no other adequate remedy by appeal and, therefore, conditionally grant mandamus relief.

## CONCLUSION

The trial court abused its discretion in determining that it no longer has jurisdiction in the underlying case. *Grant*, 808 S.W.2d at 184. Because relator has no other adequate remedy by appeal, we conditionally grant mandamus relief and direct the trial court to vacate its April 9, 2015 order. We are confident the trial court will do as directed. The writ will issue only if we are notified the trial court has failed to comply within fifteen days of this court's order.

PER CURIAM