# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00676-CV

**Mark Christopher Rodriguez, Appellant**

**v.**

**Elena Moreno Rodriguez, Appellee**

---

### FROM THE 466TH DISTRICT COURT OF COMAL COUNTY,
### NO. C2024-0038E, THE HONORABLE STEPHANIE BASCON, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

On January 8, 2024, appellant Mark Christopher Rodriguez filed in the trial court a petition for divorce from appellee Elena Moreno Rodriguez. Appellant filed a notice of appeal in this Court on October 15, 2024, stating that he seeks to appeal "from the Order and/or Judgement entered in this case on August 19, 2024, dismissing the action for want of jurisdiction." The trial-court clerk's record, which was filed on November 5, 2024, does not contain any signed final judgment or appealable order, although it appears from the clerk's record that the trial court conducted a hearing on August 19 on appellant's petition for divorce.

The clerk's record contains appellant's October 15, 2024 "Motion and No Notice of Judgment" and his request that a hearing be set on the motion and that he be allowed to appear by teleconference call because he is currently incarcerated. Appellant's motion explains that appellant did not appear before the trial court for the August 19 hearing because the court had not

initiated the conference call with prison officials where appellant is confined and that he did not learn of the trial court's disposition of the case for want of jurisdiction until he received the trial court's docket sheet on October 2, 2024. The docket sheet notes that appellant did not appear on August 19, but appellee appeared and advised the trial court that appellant has been in prison since 2021 and neither party has been in Comal County in the preceding 90 days. The docket sheet further notes that the trial court advised appellee that the court had "no jurisdiction and she needed to file suit elsewhere."

This Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to appeals in which there exists a final judgment or other appealable order that has been signed by a judge. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *see also* Tex. Civ. Prac. & Rem. Code § 51.012. A judgment or order must be in writing and signed by the trial court to be appealable; both the appellate timetable and the time periods during which a trial court retains plenary power over a case run from the date the judgment or order is signed. *See* Tex. R. App. P. 26.1; Tex. R. Civ. P. 306a(1); *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). Texas Rule of Civil Procedure 306(a)(2) directs judges "to use their best efforts" to reduce judgments or orders to writing, signed by the judge and dated. A trial court's notation in the docket sheet does not constitute a signed order as contemplated by Texas Rule of Civil Procedure 306a(1) or Texas Rule of Appellate Procedure 26.1. *Grant v. American Nat'l Ins. Co.*, 808 S.W.2d 181, 184 (Tex. App.—Houston [14th Dist.] 1991, no writ).

In an appropriate case, we may abate the appeal and remand the case to the trial court for entry of a signed, written order. *See, e.g., Davidson v. Davidson*, No. 03-19-00542-CV,

2

2019 WL 7042942, at *1 (Tex. App.—Austin Dec. 20, 2019, order) (per curiam); *O'Kroley v. Sherwin-Williams Co.*, No. 11-17-00339-CV, 2018 WL 2212950, at *1 (Tex. App.—Eastland May 10, 2018, order) (per curiam). In this case, the clerk's record contains an October 16, 2024 letter from the trial court to the prison officials at the location where appellant is incarcerated, informing them as follows:

> The Court is permitting Petitioner, Mark Christopher Rodriguez, to participate by internet zoom or telephone in his hearing set **November 25th, 2024, at 10:00 a.m.**, regarding Cause No. C2024-0038E, 466th District Court, Comal County, Texas.
>
> **Please have the Wynne Unit log in via internet video to the Zoom link provided below, or call the phone number, provided below, for the inmate to participate at the scheduled start time**.

(Emphases added.) Because the record reflects that a hearing on appellant's motion for the trial court to sign a final, appealable judgment is scheduled for November 25, 2024, we abate the appeal and remand the case to the trial court to allow appellant to obtain a signed final and appealable judgment.[1] The Court directs the trial court to take whatever action necessary to ensure that appellant participates in the hearing by telephone or Zoom link. A supplemental clerk's record containing the trial court's order, or, if no order has been signed, a reporter's record from the November 25, 2024 hearing, shall be filed with this Court no later than December 23, 2024. *See* Tex. R. App. P. 34.5(c)(1). If a supplemental clerk's record containing a signed final and

---

[1] We note that in the absence of a signed judgment or appealable order, the trial court retains its plenary power. *See* Tex. R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment has been signed."). This Court retains jurisdiction to consider our jurisdiction over this appeal. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (holding that once notice of appeal, whether timely or untimely, is delivered to trial-court clerk for filing, "any further determination concerning appellate jurisdiction must be made by the appellate court"). If a final order is signed by the trial court, we will treat appellant's October 15, 2024 notice of appeal as a premature notice of appeal under Texas Rule of Appellate Procedure 27.1.

appealable order or a reporter's record from the hearing has not been filed within 30 days, appellant may file a status report in this Court by December 31, 2024 to inform the Court of proceedings in the trial court.

It is so ordered on November 21, 2024.


Before Chief Justice Byrne, Justices Triana and Kelly

Abated and Remanded

Filed:   November 21, 2024